United States Court of Appeals,

Fifth Circuit.

No. 97-20438

Summary Calendar.

Luke William ABLE, Jr., Plaintiff-Appellant,

v.

Charles BACARISSE, Individually and as District Clerk of Harris County; Harris County, Texas, Defendants-Appellees.

Jan. 9, 1998.

Appeal from the United States District Court for the Southern District of Texas.

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:

## Facts and Procedural History

Appellant's license to practice law was suspended by judgment of the 125th District Court of Harris County, Texas. Appellant decided to appeal and therefore filed a cost bond as required by Texas Rule of Appellate Procedure 46(a) so that his appeal might be perfected. Thereafter, the Harris County District Clerk ("District Clerk") determined that the cost bond as filed was inadequate, as the sureties listed thereon were insufficient. The District Clerk had a policy of not accepting cost bonds where the surety thereon was other than a surety company listed in the Federal Register, unless the appellant could provide $1,000 in cash in lieu of the bond or an audited financial statement showing the assets noted in his petition. On request of the Appellant, the District Clerk would not provide him with a certified copy of the cost bond which

1

he had previously filed.

Appellant filed a petition for writ of mandamus with the Court of Appeals for the 14th District of Texas to compel the District Clerk to accept his offer of $300 dollars for transcript preparation in lieu of a cost bond. The court of appeals granted the writ. Meanwhile, Appellant was unable to practice law and had no income. As a result Appellant became insolvent and was no longer able to pursue the appeal.

Appellant instituted this § 1983 civil rights action claiming that the District Clerk's policy and subsequent refusal to provide a certified copy of the cost bond deprived him of his constitutionally protected right of access to the courts. Specifically, it is Appellant's contention that, if the District Clerk had accepted his cost bond or if the District Clerk had provided him with a certified copy of his cost bond, then he could have asked the court of appeals for a stay of his suspension, so that he could continue to practice law pending the appeal and hence would have avoided insolvency and abandonment of his appeal. The district court dismissed Appellant's complaint on motion of Appellees under Fed.R.Civ.P. 12(b)(6).

## The District Clerk's Policy

The District Clerk's policy does not implicate a constitutionally guaranteed right of access to the courts. In the first instance, "[t]he right to appeal is a statutory right, not a constitutional right." *United States v. Mendiola,* 42 F.3d 259, 260 (5th Cir.1994), *citing United States v. Melancon,* 972 F.2d 566, 567

2

(5th Cir.1992).  However, the right to appeal, having been established by the law of the State of Texas, may not be abrogated or otherwise administered in a way which denies an appellant of the constitutional right to due process or equal protection.[1]

In any event, the District Clerk's policy does not violate Appellant's statutory right of access to the courts, because Appellant made no attempt to comply with any of the alternatives proposed by the District Clerk or available under the Texas Rules of Appellate Procedure.  The District Clerk gave the Appellant a chance to cure the defective cost bond by providing surety from a company listed in the Federal Register, providing $1,000 in cash in lieu of the bond or an audited financial statement showing the assets noted in Appellant's petition.  Beyond that, Texas Rule of Appellate Procedure 46(c) allowed an appellant to petition the district court for a lower cost bond, and Rule 40(a)(3) provided that an appellant could perfect an appeal, even if unable to post any cost bond or deposit in lieu thereof, provided that he swore to that inability by affidavit.[2]  The District Clerk's policy did not cause Appellant's damages, rather, Appellant caused his own damages

_____

[1]The facts alleged by Appellant, if accepted as true, cannot establish an equal protection violation, because the District Clerk's policy creates no suspect classification, and the policy is applied to all appellants equally.  Likewise, the District Clerk's policy does not deprive Appellant of the statutory right to an appeal without due process.  Rather, Appellant deprived himself of the right to appeal by failing to avail himself of the alternatives suggested by the District Clerk or those available under the Texas Rules of Appellate Procedure.

[2]Although not relevant to this case, these provisions have been altered considerably by the 1997 amendments to the Texas Rules of Appellate Procedure.

by failing to avail himself of the alternatives suggested by the District Clerk or those provided by the Texas Rules of Appellate Procedure.

### The District Clerk's Actions

The District Clerk's failure to provide Appellant with a certified copy of the cost bond filed by Appellant does not implicate a constitutional or federal statutory right. Appellant argues that, had he been able to obtain a certified copy of the cost bond from the District Clerk, Appellant could have requested from the court of appeals a stay of his suspension pending his appeal and thereby saved his law practice. However, Appellant's syllogism assumes that he could address his request for a stay to the appellate court, but under Texas Rule of Disciplinary Procedure 3.14 a motion to stay suspension must be directed to the district court, which may grant the stay only upon making certain findings of fact. Hence, Appellant's entire argument fails, because the ability of the district court to grant a stay of suspension does not depend on whether Appellant can produce a certified copy of a properly-filed cost bond. Therefore, as the Appellant cannot state a claim under § 1983 upon which relief may be granted, the judgment of dismissal by the district court is affirmed.

AFFIRMED.