IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-30999
Summary Calendar

THEODORE JOHNSON

     Plaintiff - Appellant

  v.

LOUISIANA STATE; PRESIDENT OF LOUISIANA STATE UNIVERSITY
SYSTEM; LOUISIANA DEPARTMENT OF EDUCATION; BOARD OF
REGENTS; BOARD OF SUPERVISORS FOR LOUISIANA STATE
UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE

     Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02:01-CV-2002

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     This case involves allegations that Theodore Johnson was denied financial
aid on the basis of his disability in violation of Section 504 of the Rehabilitation
Act of 1973, 29 U.S.C. § 794(b)(3), and Title II of the Americans with Disabilities

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Act of 1990, 42 U.S.C. § 12132. This matter reaches us on appeal following the district court's grant of summary judgment in favor of the State of Louisiana, the Louisiana Department of Education, the President of the Louisiana State University System, and the University of New Orleans (collectively, "Defendants"). After reviewing the record, we AFFIRM for the reasons assigned by the district court:

1. Johnson has not shown that he was denied financial aid solely on the basis of his disability; that despite his disability, he was otherwise qualified to receive the denied financial aid; or that his disability was even a motivating factor. He also has not shown that he had imposed upon him, on the basis of his disability, academic standards that are any different than those imposed on all students in order to qualify for financial aid. Finally, his request that Defendants reinstate his financial aid despite his substandard academic performance is not a reasonable accommodation, especially given his concession that his failure to make the required grades during the relevant period was not the result of his disability, but of his inability to catch up when he started classes a week late. Thus, his Rehabilitation Act and ADA claims lack merit. See Pinkerton v. United States Dep't of Educ., 508 F.3d 207, 210, 212-14 (5th Cir. 2007).

2. Johnson was not denied his right to appeal the financial aid decisions. Instead, his first appeal was approved, and when he failed to meet the academic standards required to continue his financial aid, he was given a written notice of his right to appeal that determination within a specified time period. He failed to do so. Thus, his procedural due process claims lack merit. See Able v. Bacarisse, 131 F.3d 1141, 1143 n.1 (5th Cir. 1998).

AFFIRMED.