Yusuf SULTAN, d/b/a U.S. Carpet
and Floors, Petitioner

v.

Savio MATHEW, Respondent.

No. 03–0831.

Supreme Court of Texas.

Nov. 18, 2005.

Timothy Collins Anderson, M. Ryan Kir-
by, Law Firm of Timothy C. Anderson,
PLLC, Houston, for Petitioner.

Savio Mathew, Missouri City, pro se.

Chief Justice JEFFERSON delivered
the opinion of the Court, in which Justice
O'NEILL, Justice GREEN, Justice
JOHNSON, Justice SIMMONS [1]

1. Hon. Rebecca Simmons, Justice, the Court
of Appeals for the Fourth District, sitting by

commission of Hon. Rick Perry, Governor of

(assigned) and Justice GAULTNEY[2] (assigned) join.

In this case we determine whether courts of appeals have jurisdiction to hear appeals from judgments of county courts or county courts at law following a de novo appeal from a small claims court. The Harris County Civil Court at Law No. 2 rendered a default judgment against Yusuf Sultan ("Sultan") d/b/a U.S. Carpet and Floors after Sultan failed to appear for trial. Sultan appealed to the Fourteenth Court of Appeals, which dismissed Sultan's appeal for want of jurisdiction based on section 28.053(d) of the Texas Government Code.[3] 2003 WL 1738864. Because we agree that courts of appeals do not have jurisdiction over cases originally filed in small claims court, we affirm the court of appeals' judgment.

## I

### Background

Savio Mathew ("Mathew") sued Sultan in small claims court for damages resulting from the installation of a laminate floor in Mathew's home. The small claims court awarded Mathew $4000, and Sultan filed an appeal for a de novo trial in the Harris County Civil Court at Law No. 2. *See* Tex. Gov't Code §§ 28.052(a), 28.053(b). A trial was set and notice was sent to Sultan; however, because Sultan allegedly did not receive the trial notice, he did not appear. Consequently, the county court rendered a default judgment against him. Sultan appealed to the court of appeals. Citing section 28.053(d) of the Texas Government

Code, the court of appeals concluded that it did not have jurisdiction and dismissed the appeal. 2003 WL 1738864. We granted Sultan's petition for review to determine whether courts of appeals have jurisdiction over judgments of county courts or county courts at law following a de novo appeal from a small claims court. 47 Tex. Sup.Ct. J. 417 (Apr. 12, 2004).

## II

### Discussion

■ A party dissatisfied with a small claims court judgment may appeal to the county court or county court at law for a de novo trial if the amount in controversy exceeds $20. Tex. Gov't Code §§ 28.052(a), 28.053(b). The Texas Government Code provides that a "[j]udgment of the county court or county court at law on the appeal [from the small claims court] is final." *Id.* § 28.053(d) (emphasis added). The question here is whether the word "final" in section 28.053(d) means final and appealable or final and not appealable.

Before 1998, several courts held that a county court's or county court at law's judgment on de novo appeal from a small claims court could be appealed to the court of appeals. *See, e.g., Galil Moving & Storage, Inc. v. McGregor,* 928 S.W.2d 172 (Tex.App.-San Antonio 1996, no pet.); *Sablatura v. Ellis,* 753 S.W.2d 521, 522–23 (Tex.App.-Houston [1st Dist.] 1988, no pet.); *see also* Alan Wright et al., *Appellate Practice and Procedure,* 54 SMU L.Rev. 1093, 1119 (2001). In 1998, howev-

---

Texas, pursuant to Section 22.005 of the Texas Government Code.

**2.** Hon. David Gaultney, Justice, the Court of Appeals for the Ninth District, sitting by commission of Hon. Rick Perry, Governor of Texas, pursuant to Section 22.005 of the Texas Government Code.

**3.** The statute provides that a "[j]udgment of the county court or county court at law on the appeal [from the small claims court] is *final.*" Tex. Gov't Code § 28.053(d) (emphasis added).

er, the First Court of Appeals held that the word "final" in section 28.053(d) meant "that there is no further appeal beyond the county court or county court at law." *Davis v. Covert*, 983 S.W.2d 301, 302 (Tex. App.-Houston [1st Dist.] 1998, pet. dism'd w.o.j.) (overruling *Sablatura*, 753 S.W.2d 521). The *Davis* holding has since been followed by most Texas courts of appeals. *See, e.g., Oropeza v. Valdez*, 53 S.W.3d 410, 412 (Tex.App.-San Antonio 2001, no pet.); *Woodlands Plumbing Co. v. Rodgers*, 47 S.W.3d 146, 148 (Tex.App.-Texarkana 2001, pet. denied); *Howell Aviation Servs. v. Aerial Ads, Inc.*, 29 S.W.3d 321, 323 (Tex.App.-Dallas 2000, no pet.); *Williamson v. A–1 Elec. Auto Serv.*, 28 S.W.3d 731, 731–32 (Tex.App.-Corpus Christi 2000, pet. dism'd w.o.j.); *Lederman v. Rowe*, 3 S.W.3d 254, 256 (Tex.App.-Waco 1999, no pet.); *Gaskill v. Sneaky Enters., Inc.*, 997 S.W.2d 296, 297 (Tex.App.-Fort Worth 1999, pet. denied); *Automania, L.L.C. v. May*, No. 03–03–00592–CV, 2004 WL 852275 (Tex.App.-Austin April 22, 2004, no pet.) (mem.op.); *Martin v. Vaughan*, No. 11–02–00133–CV, 2003 WL 22741155 (Tex. App.-Eastland Nov.20, 2003, no pet.) (mem.op.); *Townsend v. Accidental Injury Treatment Ctr.*, No. 07–99–0073–CV, 2000 WL 157900 (Tex.App.-Amarillo Feb.9, 2000, no pet.) (not designated for publication).

Although we have never specifically addressed the finality language in section 28.053(d), we have twice considered similar language in other statutes. In *Seale v. McCallum*, 116 Tex. 662, 287 S.W. 45 (Tex. 1926), we held that a statute declaring that the district court's judgment on an election contest was "final" precluded appellate review of election contests by the courts of civil appeals. We stated:

> The election contest was instituted and tried under the provisions of Revised Statutes (1925), art. 3152, which, while providing for a contest of primary elec-

tions, declared that the decision of the district court or judge trying the contest should be "final as to all district, county precinct, or municipal offices." The plain purpose of the clause quoted was to deny appellate jurisdiction to the Courts of Civil Appeals over contested elections of the character here involved. *Id.* at 45. In *Mobil Oil Corp. v. Matagorda County Drainage Dist. No. 3*, 597 S.W.2d 910 (Tex.1980), we reached the opposite conclusion. In that case, we reviewed section 56.082 of the Texas Water Code, which gives the commissioners court exclusive jurisdiction over certain proceedings relating to drainage districts and provides that the commissioners court's judgment on such issues "is final." *Id.* at 911 (construing Tex. Water Code § 56.082). We concluded that "[t]he legislature did not intend by using the term 'final' in section 56.082 to prevent all review of commissioners court orders," and we therefore held that commissioners court orders annexing territory for drainage districts were subject to review by the district court. *Id.*

■ While both *Mobil Oil* and *Seale* are instructive in that they address similar language, neither case offers direct insight into the Legislature's intent in using the word "final" in section 28.053(d). When construing a statute, "[o]ur primary objective ... is to ascertain and give effect to the Legislature's intent." *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex.2004). To discern that intent, we consider the objective the law seeks to obtain and the consequences of a particular construction. Tex. Gov't Code § 311.023(1), (5); *see also City of Sunset Valley*, 146 S.W.3d at 642. We must consider the statute as a whole and give meaning to the language that is consistent with its other provisions. *City of Sunset Valley*, 146 S.W.3d at 642. Applying these principles, we conclude that by

declaring in section 28.053(d) that the "judgment of the county court or county court at law is final," the Legislature intended to prohibit appeals to the courts of appeals. The Legislature created the small claims court to provide an affordable and expedient procedure for litigating claims involving relatively small amounts of money.[4] *See* Act of May 27, 1953, 53rd Leg., R.S., ch. 309, § 17, 1953 Tex. Gen. Laws 778, 780 (creating small claims court and noting "[t]he fact that many citizens of the State of Texas are now in effect denied justice because of the present expense and delay of litigation when their claims involve small sums of money; and the further fact that the discouragement of litigation based on financial ability is contrary to the public policy of this State"); *see also* O.L. Sanders, Jr., *The Small Claims Court*, 1 S. Tex. L.J. 80, 85–86 (1954) ("Viewing the Small Claims Court Act as a whole, it must be concluded that the main object and purpose of the law was to place justice within the reach of many Texas citizens, who were previously denied such relief because the litigation expense and delay overshadowed their small claim."). This basic purpose is reflected in almost every aspect of small claims court procedure. For example, the institution of a small claims action requires little more than completing a one-page form. *See* Tex. Gov't Code § 28.012(b). The hearing is "informal, with the sole objective being to dispense speedy justice between the parties." *Id.* § 28.033(d). On appeal, the county court must dispose of the claim "with all convenient speed." *Id.* § 28.053(a). When construing section

28.053(d) in the context of other small claims court provisions, all of which underscore the Legislature's basic goal of providing a simplified and inexpensive court procedure, it is reasonable to conclude that in section 28.053(d), the Legislature intended to forgo the added time and expense which inevitably accompany an appeal to the court of appeals.[5]

In *Mobil Oil*, we rejected Matagorda County's contention that the word "final" in section 56.082 of the Texas Water Code meant "not reviewable," reasoning that the Legislature did not intend to prevent *all* review of commissioners court orders annexing territory to drainage districts. *See Mobil Oil Corp.*, 597 S.W.2d at 911. Here, however, we note that section 28.053(d) incorporates a form of appellate review. The Legislature has specifically provided that a dissatisfied party can obtain review of a small claims court judgment by appealing to the county court or county court at law for a de novo trial. *See* Tex. Gov't Code §§ 28.052(a), 28.053(b). Thus, in section 28.053(d) the Legislature intended not to prevent all review of a small claims court judgment, but rather to limit the extent of review and thereby minimize the "expense and delay of litigation." *See* Act of May 27, 1953, 53rd Leg., R.S., ch. 309, § 17, 1953 Tex. Gen. Laws 778, 780.

 Sultan contends that because a "final judgment" is required for an appeal, we cannot interpret the word "final" in section 28.053(d) as prohibiting review by the court of appeals. In *Mobil Oil*, we reasoned that "[a] judgment, though final, may yet be one that is reviewable. It is the finality which makes a judgment a

---

**4.** The small claims court's jurisdictional limit is $5000. *See* Tex. Gov't Code § 28.003(a).

**5.** For example, appealing to a county court requires only that the appellant file an appeal bond and a notice of appeal. *See* Tex. Gov't Code § 28.052(b); Tex.R. Civ. P. 571. Appeals

to the courts of appeals are much more involved and require that the appellant, among other things, pay for the production of the clerk's and reporter's records. Tex R.App. P. 35.3. Additionally, both parties must submit formal briefs. Tex.R.App. P. 38.1, 38.2.

subject for review." 597 S.W.2d at 911. Granted, under "the general rule, ... an appeal may be taken only from a final judgment." *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001). But "the term 'final,' as applied to judgments, has more than one meaning." *Street v. Honorable Second Court of Appeals,* 756 S.W.2d 299, 301 (Tex.1988). Indeed:

> The term 'final judgment' applies differently in different contexts. A judgment is 'final' for purposes of appellate jurisdiction if it disposes of all issues and parties in a case. The term 'final judgment' is also used with reference to the time when trial or appellate court power to alter the judgment ends, or when the judgment becomes operative for the purposes of res judicata.

*Id.* (citing *McWilliams v. McWilliams,* 531 S.W.2d 392, 393–94 (Tex.Civ.App.-Houston [14th Dist.] 1975, no writ)).

Interpreting "final" in section 28.053(d) to mean "final for purposes of appeal to the court of appeals" would construe the statute to mean that every judgment by a county court concerning a small claims matter is appealable. This interpretation ignores interlocutory judgments. To be final for purposes of appeal, a judgment must dispose of all issues and parties in a case. *Id.* at 301. Such a fact-specific determination is made on a case-by-case basis. *See Lehmann,* 39 S.W.3d at 195 (noting that "whether a judicial decree is a final judgment must be determined from its language and the record in the case."). There are many instances in which a "judgment" is interlocutory and not appealable to the court of appeals. *See, e.g., Parking Co. of Am. v. Wilson,* 58 S.W.3d 742, 742 (Tex.2001) (partial summary judgment that did not dispose of all claims was "clearly interlocutory"); *Webb v. Jorns,* 488 S.W.2d 407, 408–09 (Tex.1973) (order dismissing hospital from suit was interloc-

utory where trial court did not sever cause against hospital); *Warren v. Walter,* 414 S.W.2d 423, 423 (Tex.1967) (judgment setting aside default judgment and granting new trial was interlocutory); *Office Employees Int'l Union Local 277 v. Southwestern Drug Corp.,* 391 S.W.2d 404, 406 (Tex.1965) (order authorizing depositions was interlocutory); *Citizens Nat'l Bank of Beaumont v. Callaway,* 597 S.W.2d 465, 466 (Tex.Civ.App.-Beaumont 1980, writ ref'd) (order compelling arbitration was interlocutory). Therefore, we read section 28.053(d) to mean that a final judgment from the county court is not appealable.

 Furthermore, to construe section 28.053(d) to mean "final and appealable" would be redundant. Absent section 28.053(d), an appeal to the court of appeals would be allowed in small claims cases where the amount in controversy exceeds $100. *See* Tex. Gov't Code § 22.220(a) (granting courts of appeals jurisdiction over cases in which "the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $100, exclusive of interest and costs"); Tex. Civ. Prac. & Rem. Code § 51.012 (allowing appeals to the courts of appeals in civil cases where "the judgment or amount in controversy exceeds $100, exclusive of interest and costs"). Thus, to allow the county court's judgment in a small claims case to be appealed to the courts of appeals, the Legislature need not specifically declare that the judgment of the county court is final and appealable. We must avoid, when possible, treating statutory language as surplusage. *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.,* 19 S.W.3d 393, 402 (Tex.2000). Our interpretation is also guided by the principle that a specific statute controls over a more general one. *Columbia Hosp. Corp. v. Moore,* 92 S.W.3d 470, 473 (Tex.2002). Here, section 28.053,

which applies only to civil cases originating in small claims court, controls over section 22.220, which applies to *"all* civil cases." Tex. Gov't Code §§ 28.053(a), 22.220(a) (emphasis added).

■ Sultan also argues that to deny him the opportunity to appeal to the courts of appeals violates the Texas Constitution's open courts provision. *See* Tex. Const. art. I, § 13. We disagree. Under the Texas Constitution, the courts of appeals have jurisdiction over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, *under such restrictions and regulations as may be prescribed by law." Id.* art. V, § 6 (emphasis added). As we stated in *Seale v. McCallum,* 116 Tex. 662, 287 S.W. 45, 47 (1926), "the principle is fixed that the Legislature has the power to limit the right of appeal...." By declaring in section 28.053(d) that the judgment of the county court or county court at law on an appeal from the small claims court is "final," the Legislature exercised its constitutional power to restrict the jurisdiction of the courts of appeals.[6]

Finally, we recognize that there is a difference between the justice court and small claims court with respect to a party's ability to appeal to the court of appeals. Under section 28.003(a) of the Texas Government Code, small claims courts have concurrent jurisdiction with the justice courts in actions involving amounts not exceeding $5000. Tex. Gov't Code § 28.003(a). Nonetheless, there is no statute restricting the right to appeal to the courts of appeals in cases originating in justice courts. A few courts of appeals have reasoned that, given this jurisdiction-

al overlap, it is illogical for the Legislature to allow appeals to the courts of appeals for claims initiated in a justice court, but not for claims initiated in a small claims court. *See, e.g., Davis v. Covert,* 983 S.W.2d 301, 303 (Tex.App.-Houston [1st Dist.] 1998, pet. dism'd w.o.j.); *Howell Aviation Servs. v. Aerial Ads, Inc.,* 29 S.W.3d 321, 323 (Tex.App.-Dallas 2000, no pet.).

We do not agree that the difference is illogical. To the contrary, it would seem illogical for the Legislature to have created the small claims court if the small claims court was intended to be identical in all respects to the justice court. As we have mentioned, in creating the small claims court, the Legislature sought to provide an accessible and affordable forum for litigation. The limitation on appeals is merely one of several measures intended to facilitate this goal. Even if the difference between the justice court and small claims court were illogical, "the problem [would be] one for legislative, not judicial solution." *State v. Jackson,* 376 S.W.2d 341, 346 (Tex.1964); *see also Enron Corp. v. Spring Indep. Sch. Dist.,* 922 S.W.2d 931, 934 (Tex.1996) ("The wisdom or expediency of a law is for the Legislature to determine, not this Court.").

### III

### Conclusion

We hold that under section 28.053(d) of the Texas Government Code, the courts of appeals lack jurisdiction over cases originally filed in the small claims court. Accordingly, we affirm the judgment of the court of appeals dismissing Sultan's appeal

---

**6.** Although Sultan bases his argument on the Texas Constitution, we also note that the United States Constitution does not guarantee the right to an appeal. *See Doleac v. Michalson,* 264 F.3d 470, 492–93 (5th Cir.2001)(holding that there is no due process right to appellate review); *Able v. Bacarisse,* 131 F.3d 1141, 1143 (5th Cir.1998)(noting that "the right to appeal is a statutory right, not a constitutional right").

for want of jurisdiction. *See* Tex.R.App. P. 60.2(a).

Justice HECHT filed a dissenting opinion, in which Justice WAINWRIGHT and Justice MEDINA join.

Justice HECHT, joined by Justice WAINWRIGHT and Justice MEDINA, dissenting.

The jurisdictional structure of the Texas court system is unimaginably abstruse. Take for example this case, which raises what one might think would be a relatively simple question: Can a $4,000 judgment for damage caused by home flooring installation be appealed to the court of appeals? Here is the Court's answer: yes, if the judgment was rendered by a district court, or by a county court[1] or a statutory county court[2] in a case that originated in or was transferred[3] to that court from a justice court or small claims court, or was appealed from a justice court in a case that originated there or was transferred there from the small claims court, but no, if the judgment was rendered by county court or a statutory county court in a case appealed from a small claims court. One might wonder why the answer should be so com-

plicated, and why the court of appeals' jurisdiction should depend on where, among several trial courts all with jurisdiction, the case was first filed and whether it was transferred. Why, indeed.

In all fairness, the Court is trying to make sense of a half-century-old ambiguous statute that is part of a jurisdictional scheme that has gone from elaborate, when the statute was enacted, to Byzantine. Today's complex answer to a simple question does not much worsen matters that are already in terrible shape. But we are seldom presented with the opportunity to give a jurisdictional statute a reasonable construction that results in more uniformity and simplicity (even if only slightly more), and given that opportunity in this case, I would seize it. Since 1892, the court of civil appeals and its successor, the court of appeals, have had jurisdiction over any civil case involving more than $100.[4] I would hold that jurisdiction does not depend on where the first judgment in the case was rendered—whether in the small claims court, the justice court, the statutory county court, the county court, or the district court. (To keep things simple, I would leave statutory probate courts for

1. Tex. Gov't Code § 21.009(1) (" 'County court' means the court created in each county by Article V, Section 15, of the Texas Constitution.").

2. *Id.* § 21.009(2) (" 'Statutory county court' means a county court created by the legislature under Article V, Section 1, of the Texas Constitution, including county courts at law ... and county civil courts at law ....").

3. *Id.* § 74.121(a) ("The judges of constitutional county courts, statutory county courts, justice courts, and small claims courts in a county may transfer cases to and from the dockets of their respective courts, except that a case may not be transferred from one court to another without the consent of the judge of the court to which it is transferred and may

not be transferred unless it is within the jurisdiction of the court to which it is transferred. The judges of those courts within a county may exchange benches and courtrooms with each other so that if one is absent, disabled, or disqualified, the other may hold court for him without the necessity of transferring the case. Either judge may hear all or any part of a case pending in court and may rule and enter orders on and continue, determine, or render judgment on all or any part of the case without the necessity of transferring it to his own docket. A judge may not sit or act in a case unless it is within the jurisdiction of his court.").

4. *See Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 361–362 (Tex.2000); *id.* at 364–366 (Hecht, J., concurring).

another day.[5]) Accordingly, I respectfully dissent.

As I see it, the principal error in the Court's analysis is that it does not pay proper attention to the context in which the statutory language we have to construe was written and the jurisdictional scheme of which it is a part. The Small Claims Court Act was enacted in 1953 and has since been recodified and amended.[6] In 1953, four trial courts had jurisdiction over claims for money damages: the district court, with a minimum jurisdictional limit of $500;[7] the county court in each county, with jurisdiction of claims involving between $200 and $1,000;[8] the additional statutory county courts (18 in 13 counties), with the same monetary limits as the county courts; and the justice court, with exclusive jurisdiction of claims up to $200.[9] The Act created a fifth court, the small claims court, but no new judges; each justice of the peace in addition to being judge of the justice court was also made judge of the small claims court.[10] Notwithstanding the justice court's constitutionally "exclusive" jurisdiction of claims up to $200,[11] the small claims court was given jurisdiction of wage claims up to $100 and other monetary claims up to $50.[12] Thus, the small claims court and justice court had concurrent jurisdiction over the smallest claims, and the same justice of the peace heard them, whether

---

5. See Tex. Gov't Code, chapter 25, subchapter B.

6. Act of May 27, 1953, 53rd Leg., R.S., ch. 309, 1953 Tex. Gen. Laws 778, formerly Tex. Rev.Civ Stat. Ann. art. 2460a, now recodified and amended, by Act of May 17, 1985, 69th Leg., R.S., ch. 480 § 1, 1985 Tex. Gen. Laws 1720, 1814–1817, as Tex. Gov't Code §§ 28.001–.055.

7. Tex. Const. art. V, § 8 (1876) ("The District Court shall have original jurisdiction ... of all suits ... when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest ....").

8. Tex. Const. art. V, § 16 (1876) ("The County Court shall have ... exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value $200, and not exceed $500, exclusive of interest, and concurrent jurisdiction with the District Courts when the matter in controversy shall exceed $500, and not exceed $1,000, exclusive of interest ...."); Tex.Rev.Civ. Stat. Ann. arts. 1949–1951 (1925) (reiterating the constitutional provisions and excluding certain types of civil cases); Tex.Rev.Civ. Stat. Ann. arts. 1970–1 to 1970–341 (Vernon 1948, Supp. 1950, 1952, and 1954) (providing for 18 additional county courts at law in 13 counties, the first created in 1907 in Dallas County, all having the same jurisdictional limits on monetary claims as the county court).

9. Tex. Const. art. V, § 19 (1876) ("Justices of the Peace shall have jurisdiction ... in civil matters of all cases where the amount in controversy is two hundred dollars or less, exclusive of interest, of which exclusive original jurisdiction is not given to the District or County Courts ....").

10. Tex.Rev.Civ. Stat. Ann. art. 2460a, § 1 ("The justices of the peace in their several counties and precincts shall sit as judges of said courts and exercise the jurisdiction hereby conferred in all cases arising under the provisions of this Chapter."), now recodified as Tex. Gov't Code § 28.002 ("Each justice of the peace sits as judge of the small claims court and exercises the jurisdiction provided by this chapter.").

11. Harris County v. Stewart, 91 Tex. 133, 41 S.W. 650, 655 (1897) (holding that article V, section 1 of the Constitution, amended in 1891 to state that "[t]he legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto", permits the creation of new courts notwithstanding constitutional jurisdictional grants).

12. Act of May 27, 1953, 53rd Leg., R.S. ch. 309 § 2, 1953 Tex. Gen. Laws 778, first amended by Act of May 9, 1963, 58th Leg., ch. 368 § 2, 1963 Tex. Gen. Laws 938 (Tex. Rev.Civ.Stat.Ann. art. 2460a, § 2).

sitting as judge of the justice court or as judge of the small claims court. Neither court's jurisdiction overlapped that of the statutory county court, the county court, or the district court.

The purpose of the Act, according to the Legislature, was to address "[t]he fact that many citizens of the State of Texas are now in effect denied justice because of the present expense and delay of litigation when their claims involve small sums of money",[13] but it is doubtful whether the Act did much to facilitate the adjudication of small claims already being handled by the same justices of the peace in the justice courts.[14] The Act prescribed procedures that are less extensive than the rules applicable in justice courts but not appreciably simpler in actual practice.[15] For example, the Act permits an action to be commenced by filing a simple, sworn statement,[16] but does not permit oral pleadings, which are standard in justice court.[17] Discovery is permitted in justice court,[18] and while it was not expressly permitted at first in small claims courts, it is now.[19] Perhaps the most significant difference between the two courts was the Act's admonition, inapplicable in justice court, that:

In every case before the Small Claims Court, it shall be the duty of the judge to develop all of the facts in the particular case. In the exercise of this duty, the judge may propound any question of any witness or party to the suit or upon his own motion may summon any party to appear as witness in the suit as, in the discretion of the judge, appears necessary to effect a correct judgment and speedily dispose of such case.[20]

This is in contrast to cases holding that, although a trial judge may examine a witness during a bench trial, a trial judge should not examine witnesses who are testifying before a jury.[21] A jury trial may be demanded in either court.[22]

---

**13.** Act of May 27, 1953, 53rd Leg., R.S., ch. 309, § 17, 1953 Tex. Gen. Laws 778, 780.

**14.** *See* Bernard M. Stoller, *Small Claims Courts in Texas: Paradise Lost*, 47 Tex. L.Rev. 448, 457 (1969)("The promise made by the legislature to the citizens of Texas in 1953 has not been fulfilled."); O.L. Sanders, Jr., *The Small Claims Court*, 1 S. Tex. L.J. 80, 95 (1954) (concluding that the small claims court "is doomed to failure" if not separated from the justice court); James D. Cunningham, *Small Claims Court Act*, 17 Tex. B.J. 315, 414, 414–415 (1954)("[E]xcept for the smaller filing fee the Small Claims Court is simply the Justice Court over again.... [T]he Act does not guarantee the parties engaged in Small Claims Court litigation in Texas a quick, economical, accurate and final determination of their lawsuits by judges possessing the necessary qualifications for such an important position.").

**15.** *Compare* Tex.Rev.Civ. Stat. Ann. art. 2460a, §§ 3–4, 6–11, amended and recodified as Tex. Gov't Code §§ 28.011–.051 (applicable in small claims court), *with* Tex.R. Civ. P. 523–570 (applicable in justice courts).

**16.** Tex.Rev.Civ. Stat. Ann. art. 2460a, § 4, amended and recodified as Tex. Gov't Code § 28.012.

**17.** Tex.R. Civ. P. 525.

**18.** *See* Tex.R. Civ. P. 523.

**19.** Tex. Gov't Code § 28.033(e), added by Act of May 15, 1989, 71st Leg., R.S., ch. 802, § 10, 1989 Tex. Gen. Laws 3664, 3666.

**20.** Tex.Rev.Civ. Stat. Ann. art. 2460a, § 9, recodified as Tex. Gov't Code § 28.034 ("The judge shall develop the facts of the case, and for that purpose may question a witness or party and may summon any party to appear as a witness as the judge considers necessary to a correct judgment and speedy disposition of the case.").

**21.** *E.g., Pitt v. Bradford Farms*, 843 S.W.2d 705, 708 (Tex.App.-Corpus Christi 1992, no pet.).

**22.** Tex.Rev.Civ. Stat. Ann. art. 2460a, § 11, recodified as Tex. Gov't Code § 28.035 (small claims courts); Tex.R. Civ. P. 544 (justice courts).

The jurisdictional structure of the trial courts has changed markedly since 1953. The Constitution has been amended to omit a minimum monetary limit on the district court's jurisdiction,[23] and whether any such limit remains is an unresolved question.[24] The Constitution has also been amended to omit monetary limits on the county court's jurisdiction.[25] Limits now prescribed by statute are generally from $200 up to $5,000,[26] but at least one county court has no civil jurisdiction at all.[27] Monetary jurisdictional limits on statutory county courts are generally from $500 to $100,000,[28] but they vary widely from county to county, and many such courts have no monetary limits. The justice court retains "exclusive" jurisdiction over claims up to $200,[29] but the upper monetary limit of its jurisdiction has been increased by statute to $5,000, exclusive of interest.[30] The small claims court also has jurisdiction of all monetary claims up to $5,000, exclusive of costs.[31] For many individual courts, statutes limit or extend jurisdiction based on the subject matter of cases. Also, county court judges, statutory county judges, justices of the peace as judges of the justice courts, and justices of the peace as judges of the small claims courts may, within their discretion, transfer cases to one another if the transferred case is within the transferee court's jurisdiction, and sit for one another on any case over which the sitting judge would have jurisdiction in

23. Tex. Const. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.").

24. *See Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 803–804 n. 4 (Tex.1989) ("The minimum monetary limit was formerly found in article V, section 8 of the Texas Constitution and article 1906 of the Texas Revised Civil Statutes. Both limited the jurisdiction of the district court to controversies involving at least $500.00. In 1985, however, this provision of the constitution was amended to delete any reference to the minimum monetary jurisdiction of the district court. Also in 1985, article 1906 was repealed and recodified with the enactment of the Government Code. In there codification of article 1906, the legislature deleted the specific description of district court jurisdiction, including the minimum monetary limit of $500.00. Tex. Gov.Code Ann. § 24.007 (Vernon 1988). One commentator has suggested that a $500.00 minimum remains a limitation on the jurisdiction of the district courts despite its removal from the constitution and statute. *See* W. Dorsaneo, 1 Texas Litigation Guide § 2.01[3][b][ii] (1989)."); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 n. 4 (Tex.2000); *Smith v. Clary Corp.*, 917 S.W.2d 796, 799 n. 3 (Tex.1996) (per curiam); *compare Le Clair v. Wood*, No. 10–04–00232–CV, 2005 WL 1303187, at *2 (Tex.App.-Waco June 1, 2005, no pet. h.)(mem.op.), and *Chapa v. Spivey*, 999 S.W.2d 833, 835–36 (Tex.App.-Tyler 1999, no pet.) (per curiam) (determining that the minimum jurisdictional amount for district courts is still $500 even with the 1985 amendment), *with Arteaga v. Jackson*, 994 S.W.2d 342 (Tex.App.-Texarkana 1999, pet. denied), and *Arnold v. W. Bend Co.*, 983 S.W.2d 365, 365–366 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (noting that the new jurisdictional minimum for district courts is equal to $200.01).

25. Tex. Const. art. V, § 16 ("The County Court has jurisdiction as provided by law.").

26. Tex. Gov't Code § 26.042.

27. *See, e.g.*, Tex. Gov't Code § 26.321 ("The County Court of Taylor County has the general jurisdiction of a probate court and juvenile jurisdiction as provided by Section 26.042(b) but has no other criminal or civil jurisdiction.").

28. Tex. Gov't Code § 25.003(c)(1).

29. Tex. Const. art. V, § 19.

30. Tex. Gov't Code § 27.031(a)(1).

31. Tex. Gov't Code § 28.003(a).

his or her own court.[32] I cannot begin to describe in detail the jurisdiction of Texas trial courts. My point here is merely to show how monetary limits and the jurisdictional boundaries among trial courts have changed in the past half century.

It is in this full historical context that the provision here in question must be construed. The Small Claims Act permits an appeal to the county court or statutory county court from a "final judgment" in a case involving more than $20, exclusive of costs.[33] The appeal is actually a trial de novo in the county court or statutory county court.[34] Section 13 of the Act, now recodified as section 28.035(d) of the Government Code, then states that the judgment on appeal is "final".[35] As the Court notes, "the term 'final,' as applied to judgments, has more than one meaning." [36] In section 13 of the Act, "final" could mean one of three things: (1) not interlocutory, and therefore subject to appeal—the way the word is used a few sentences earlier in permitting an appeal from a "final judgment"; (2) not subject to appeal at all; or (3) no longer subject to nullification by trial de novo, like the small claims court judgment, but appealable like any other judgment. I agree with the Court that the first meaning makes section 13 a false statement because it is possible for judgments of the county court or county court at law to be interlocutory. For example, a plaintiff might sue two defendants and take a default judgment against one, which would be interlocutory until it was severed or the entire case was adjudicated. The statement that a judgment on appeal is "final" cannot mean that a judgment on appeal is not interlocutory.

The Court adopts the second possible meaning of "final", that the judgment of the county court or statutory county court after trial de novo cannot be appealed to the court of appeals. For several reasons, I think the Court's construction is implausible.

First: If the 1953 Legislature intended section 13 to mean that a small claims court case could never reach the court of civil appeals, then it stated nothing that was not already true. The maximum jurisdictional limit of the small claims court in 1953 was $100, and it was that high only for wage claims. The limit for other monetary claims was $50. The minimum juris-

---

**32.** See *supra* note 3; Act of May 27, 1985, 69th Leg., R.S., ch. 732, § 2, 1985 Tex. Gen. Laws 2533, 2543, formerly Tex.Rev.Civ. Stat. Ann. art. 200a–1, § 7.001(a), now recodified as Tex. Gov't Code § 74.121(a).

**33.** Tex.Rev.Civ. Stat. Ann. art. 2460a, § 12 ("Where the amount in controversy, exclusive of costs, exceeds the sum of Twenty Dollars ($20), upon the rendition of final judgment by the judge of the Small Claims Court, a dissatisfied party may appeal to the County Court or County Court at Law of the proper county in the same manner as is now provided by statute for appeals from the justice court to the County Court."), recodified as Tex. Gov't Code § 28.052(a) ("If the amount in controversy, exclusive of costs, exceeds $20, a dissatisfied party may appeal the final judgment to the county court or county court at law.").

**34.** Tex.Rev.Civ. Stat. Ann. art. 2460a, § 13 ("The trial on appeal shall be de novo, but no further pleadings shall be required and the procedure shall be the same as that herein prescribed for the Small Claims Court."), recodified as Tex. Gov't Code § 28.053(b) ("Trial on appeal is de novo. No further pleadings are required and the procedure is the same as in small claims court.").

**35.** Tex.Rev.Civ. Stat. Ann. art. 2460a, § 13 ("It is specifically provided that the judgment of the County Court or County Court at Law shall be final."), recodified as Tex. Gov't Code § 28.053(d) ("Judgment of the county court or county court at law on the appeal is final.").

**36.** *Ante* at 751 (quoting *Street v. Second Court of Appeals*, 756 S.W.2d 299, 301 (Tex.1988)).

dictional limit of the court of civil appeals was $100.[37] Thus, no case within the small claims court's jurisdiction could ever reach the court of civil appeals unless the amount in controversy increased during the trial de novo appeal in the county court or statutory county court, and there was at least some authority that seemed to prohibit such a change in the case.[38] Thus, under the law as it existed in 1953, no case within the small claims court's jurisdiction could ever be appealed past the county court or statutory county court, and there was no reason for the Legislature to reiterate that fact in the Act.

Second: As the Court says, the Legislature's clear intent in creating the small claims courts was "to provide an affordable and expeditious procedure for litigating claims involving relatively small amounts of money"[39]—up to $100 in 1953. Consistent with that intent, the Act did not allow appeal in cases involving up to $20,[40] and *it might well have* allowed only one appeal in cases involving between $20 and $100. But it would have been entirely *inconsistent* for the Legislature to have created a court to handle small claims expeditiously and at the same time set up a structure that, when the court's jurisdiction was increased, would make the small claims court the only court in the State whose judgments on significant claims could not be reviewed by the court of civil appeals. The Legislature surely foresaw that the small claims court's monetary jurisdictional limits might be increased over the years, as they were in 1963,[41] 1983,[42] 1987,[43] 1989,[44] and 1991.[45] The current limit of $5,000 is no longer a "relatively small amount[ ] of money", at least in the same sense $100 was in 1953. (The U.S. Department of Labor reports that with infla-

**37.** *See Tune v. Texas Dep't of Pub. Safety,* 23 S.W.3d 358, 361–362 (Tex.2000); at 364–366 (Hecht, J., concurring).

**38.** TEX. GOV'T CODE § 28.052(b) ("Appeal is in the manner provided by law for appeal from justice court to county court."); TEX.R. CIV. P. 574a ("Either party [on appeal from a justice court] may plead any new matter in the county ... court which was not presented in the court below, but no new ground of recovery shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below."); *see, e.g. Kramek v. Stewart,* 648 S.W.2d 399, 401–402 (Tex.App.-San Antonio 1983, no writ) (claim for attorney's fees was a "new ground of recovery" and thus could not be sought on appeal in the county court); but *see Harrill v. A.J.'s Wrecker Service, Inc.,* 27 S.W.3d 191, 194–195 (Tex.App.-Dallas 2000, no pet.) (new causes of action brought on appeal to the county court based on the same conduct and claiming the same damages are not "new grounds of recovery" in violation of Rule 574a, which "has little practical effect"); *Crumpton v. Stevens,* 936 S.W.2d 473, 476 (Tex.App.-Fort Worth 1996, no pet.) (statutory claim for attorney's fees dependent on original action pleaded in the justice court is not a "new ground of recovery" and "may be as-

serted for the first time in a de novo appeal" in the county court).

**39.** *Ante* at 750.

**40.** TEX. GOV'T CODE § 28.052(a).

**41.** Act of May 9, 1963, 58th Leg., R.S., ch. 368, § 1, 1963 Tex. Gen. Laws 938, 938 (wage claims increased to $200, other claims to $150).

**42.** Act of May 26, 1983, 68th Leg., R.S., ch. 733, § 2, 1983 Tex. Gen. Laws 4508, 4508 (all claims increased to $1,000).

**43.** Act of May 27, 1987, 70th Leg., R.S., ch. 745, § 3, 1987 Tex. Gen. Laws 2672, 2672 (claims in larger counties increased to $2,500).

**44.** Act of May 15, 1989, 71st Leg., R.S., ch. 501, § 1, 1989 Tex. Gen. Laws 1686, 1686 (claims in all small claims courts increased to $2,500).

**45.** Act of May 22, 1991, 72d Leg., R.S., ch. 776, § 4, 1991 Tex. Gen. Laws 2767, 2768 (claims increased to $5,000).

tion, $100 in 1953 is now the equivalent of $744.57 in 2005.[46]) Even if the 1953 Legislature did not contemplate that a successor body would someday consider a claim for $5,000 within the jurisdiction of the small claims court, there is also no reason to think that it intended for judgments on much larger claims, in whatever court they might be rendered, not to be appealed to the court of appeals.

Third: Indeed, the 1981 Legislature expressed the contrary intent, re-enacting what was then article 2249 of the Texas Revised Civil Statutes Annotated, which stated in pertinent part:

> An appeal or Writ of Error may be taken to the Court of Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs.[47]

Section 13 of the 1953 Act was never amended or re-enacted. It and article 2249 were recodified in 1985 as sections 28.053 and section 22.220(a) of the Texas Government Code, respectively.[48] Article 2249, the later-enacted provision, controls over section 13.[49] More importantly, however, the re-enactment of article 2249 shows that the Legislature never intended an exception to the court of civil appeals' jurisdiction for cases originating in small claims court.

Fourth: On several occasions the Legislature has expressly prohibited appeals from statutory county courts to the court of appeals in cases in which the amount in controversy does not exceed $100, exclusive of interest and costs, implying that an appeal can be taken in any case in which a greater amount is in controversy. For example, section 25.1902 of the Texas Government Code, pertaining to the county court at law in Potter County, states:

> (c)An appeal or writ of error may not be taken to the court of appeals from a final judgment of a county court at law if:
>
> (1)the judgment or amount in controversy does not exceed $100, exclusive of interest and costs; and
>
> (2)the case is a civil case over which the court has appellate or original concurrent jurisdiction with the justice court.[50]

Similar provisions apply to the statutory county courts in Cameron County,[51] Grayson County,[52] and Lubbock County.[53] Al-

**46.** U.S. Department of Labor, Bureau of Labor Statistics Consumer Price Index, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last accessed November 15, 2005).

**47.** Act of May 31, 1981, 67th Leg., R.S., ch. 291, § 55, 1987 Tex. Gen. Laws 761, 785.

**48.** Act of May 17, 1985, 69th Leg., R.S., ch. 480 § 1, 1985 Tex. Gen. Laws 1720, 1730, 1816.

**49.** *Columbia Hosp. Corp. v. Moore,* 92 S.W.3d 470, 476 (Tex.2002) (stating that "when two statutes conflict, the later-enacted provision controls") (citing TEX. GOV'T CODE § 311.025 (stating that, except for savings clauses, "if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails")).

**50.** TEX. GOV'T CODE § 25.1902(c).

**51.** TEX. GOV'T CODE § 25.0332(c) ("An appeal or writ of error may not be taken to a court of appeals from a final judgment of a county court at law if: (1) the court had original or appellate jurisdiction with the justice court; and(2) the judgment or amount in controversy does not exceed $100, excluding interest and costs.").

**52.** TEX. GOV'T CODE § 25.0932(c) ("An appeal or writ of error may not be taken to a court of appeals from a final judgment of a county

though the statutes pertaining to the three latter counties were enacted prior to 1953,[54] the statute pertaining to Potter County was enacted in 1955,[55] after the Small Claims Court Act. In 1985, when statutes pertinent to the jurisdiction of constitutional county courts were recodified in Chapter 26 of the Government Code,[56] the revision was no less explicit. Section 26.042, *inter alia*, provides generally that a constitutional county court has limited concurrent jurisdiction with the justice courts,[57] and that:

> (c) If under Subchapter E ["Provisions Relating to Particular Counties" [58]] a county court has original concurrent jurisdiction with the justice courts in all civil matters in which the justice courts have jurisdiction, *an appeal or writ of error may not be taken to the court of appeals from a final judgment of the county court* in a civil case in which:

> (1) the county court has appellate or original concurrent jurisdiction with the justice courts; and

> (2) the judgment or amount in controversy does not exceed $100, exclusive of interest and costs.[59]

As the Revisor's Note explains, subsection (c) was "derived from similar provisions found in each of the local laws codified in Subchapter E in which the county court is given full concurrent civil jurisdiction with the justice courts."[60] These statutes show that the Legislature's intent before and after passing the Act was that the court of civil appeals would have jurisdiction in cases involving more than $100.

Moreover, other statutes clearly contemplate that a "final judgment" marks when a case can be appealed, in the absence of language expressly providing otherwise, rather than when a judgment cannot be appealed. Section 24.007 of the Property

court at law if: (1) the judgment or amount in controversy does not exceed $100, excluding interest and costs; and (2) the case is a civil case over which the court at law has appellate or original concurrent jurisdiction with the justice court.").

53. Tex. Gov't Code § 25.1542(c) ("An appeal or writ of error may not be taken to a court of appeals from a final judgment of a county court at law if: (1) the court had appellate or original concurrent jurisdiction with the justice court; and (2) the judgment or amount in controversy does not exceed $100, excluding interest and costs.").

54. Act of May 31, 1927, 40th Leg., 1st C.S., ch. 59, § 4, 1927 Tex. Gen. Laws 167, 167 (Cameron County); Act of April 10, 1947, 50th Leg., R.S., ch. 126, § 4, 1947 Tex. Gen. Laws 219, 219 (Grayson County); Act of Feb. 25, 1950, 51st Leg., 1st C.S., ch. 16, § 4, 1950 Tex. Gen. Laws 74, 75 (Lubbock County).

55. Act of April 8, 1955, 54th Leg., R.S., ch. 56, § 4, 1955 Tex. Gen. Laws 219, 220.

56. Act of May 17, 1985, 69th Leg., R.S., ch. 480 § 1, 1985 Tex. Gen. Laws 1720, 1790.

57. *See* Tex. Gov't Code § 26.042; *see also* § 26.043 (civil matters in which the county court is without jurisdiction). These provisions also, generally speaking, indirectly define jurisdiction in statutory county courts. *See* § 25.003(a) ("A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts.")

58. Tex. Gov't Code §§ 26.101 (reserved for Anderson County) to 26.354 (reserved for Zavala County) (in Chapter 26, "Constitutional County Courts").

59. Tex. Gov't Code § 26.042(c) (emphasis added).

60. *See* Revisor's Note 2, Tex. Gov't Code Ann. § 26.042 (Vernon 2004) ("Subsection (c) of the revised law is derived from similar provisions found in each of the local laws codified in Subchapter E in which the county court is given full concurrent civil jurisdiction with the justice courts.")

Code also contemplates that express language is necessary to bar appeal of an otherwise appealable "final judgment" of a county court:

A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only.[61]

Section 821.025 of the Health and Safety Code is also express in limiting the availability of an appeal.[62] Statutes barring or limiting review in this Court are no less explicit. Section 22.225(b) of the Government Code, provides that a judgment of a court of appeals is "conclusive on the law and facts, and a petition for review is not allowed to the supreme court," in certain cases, unless a further exception applies.[63]

To reiterate, if the Court has correctly construed section 13 of the Act, then the following is true of a case involving $5,000:

jurisdiction in court of appeals?

filed in the district court

yes

filed in the county court or statutory county court, and decided by the judge

of that court, another such court, or a justice of the peace

yes

filed in the justice court, and decided by a county court or statutory county court judge, or by a justice of the peace

yes

filed in the small claims court, transferred to the justice court, county court or statutory county court, and decided by any judge or justice of the peace eligible to sit

yes

filed in the small claims court, and decided by any county court or statutory county court judge, or by a justice of the peace

no

No reason can be offered for the one anomaly. Nor is the would-be appellant's loss, due to an incorrect but unreviewable judgment, necessarily limited to $ 5,000, as one of the cases cited by the Court illustrates. In *Oropeza v. Valdez,*[64] defendant Oropeza sought review of a county court

---

**61.** Tex. Prop.Code § 24.007.

**62.** Tex. Health & Safety Code § 821.025(a) ("An owner of an animal ordered sold at public auction as provided in this subchapter may appeal the order to a county court or county court at law in the county in which the justice or municipal court is located.... The decision of the county court or county court at law may not be further appealed. An owner may not appeal an order: (1) to give the animal to a nonprofit animal shelter, pound, or society for the protection of animals; or (2) to humanely destroy the animal."). *See also* Tex. Civ. Prac. & Rem.Code § 172.060(c)("The decision of the court is final and not subject to appeal.").

**63.** Tex. Gov't Code § 22.225(b). *See also* § 22.001(a)(6) ("[A]ny other case in which it appears that an error of law has been com-

mitted by the court of appeals, and that error is of such importance to the jurisprudence of the state that, in the opinion of the supreme court, it requires correction, but excluding those cases in which the jurisdiction of the court of appeals is made final by statute."); *cf. Parr v. Cantu,* 161 Tex. 296, 340 S.W.2d 481, 482 (1960) (former Election Code art. 13.30, governing contests of party nominations, expressly provided that " '[t]he Supreme Court of Texas shall have no jurisdiction to review any election contest filed under this Act by writ of error, certified question, or any other manner.' ").

**64.** 53 S.W.3d 410 (Tex.App.-San Antonio 2001, no pet.).

judgment for $5,600, on the ground that this award was void insofar as it exceeded both the jurisdiction of the justice court and the $4,950 that plaintiff Valdez had sought and obtained in the justice court.[65] The San Antonio Court of Appeals dismissed his appeal for want of jurisdiction, citing section 28.053(d) of the Government Code, but suggested that there might be other legal remedies available.[66] Oropeza took up this vague invitation, seeking injunctive and declaratory relief in the district court, asserting that the county court at law's judgment was void because it awarded monetary relief in excess of the jurisdictional limit of the small claims court.[67] The district court concluded that the county court judgment was not void, and the court of appeals, noting that the district court could have concluded that the increased damages were properly awarded because they had accrued because of the passage of time, affirmed.[68] Thus, even if the damages awarded had exceeded the jurisdiction of the justice court—or the county court—by a far more substantial amount, a litigant would be left without judicial review.[69]

The third possible meaning of "final" in section 13 of the Small Claims Court Act—that the judgment of the county court or statutory county court after de novo trial is, *unlike the small claims court judgment,* final and appealable like any other judgment—avoids anomalous consequences, preserves the limit on appeal for small claims of up to $100, and is a reasonable construction of the statute. A judgment of the small claims court, subject to "appeal" by trial de novo, is not "final" in the same sense as other judgments.[70] As Chief Justice Calvert wrote for the Court in *Southern Canal Co. v. State Bd. of Water Eng'rs:*

> In *Lone Star Gas Co. v. State,* 137 Tex. 279, 153 S.W.2d 681, 692, we said: "Power to try a case de novo vests a court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court." The sine qua non of a de novo trial as that term is used to describe a retrial of a matter or controversy theretofore tried by another tribunal is the nullification of the judgment or order of the first tribunal and a

---

**65.** *Oropeza v. Valdez,* 147 S.W.3d 480, 481–482 (Tex.App.-San Antonio 2004, no pet.).

**66.** 53 S.W.3d at 412 n. 1 (citing *Davis v. Covert,* 983 S.W.2d 301, 303 (Tex.App.-Houston [1st Dist.] 1998, pet. dism'd w.o.j.), as noting other legal remedies may be available).

**67.** 147 S.W.3d at 481–482.

**68.** *Id.* (generally, once a trial court acquires jurisdiction, no later fact or event will defeat that jurisdiction) (citing *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 449 (Tex. 1996)); *see also Haginas v. Malbis Mem. Found.,* 354 S.W.2d 368, 371 (Tex.1962) ("It is the general rule that once jurisdiction is lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction.")

**69.** *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d at 450 (though the county court ren-

dered judgment for "one hundred and fifty percent of its maximum jurisdictional limit," the Court could not on the record before it say that the trial court lacked jurisdiction). Moreover, a judgment might be erroneously granted, but still not constitute fundamental error. *See Young v. Hodde,* 682 S.W.2d 236 (Tex.1984) (per curiam), *cited in Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 200 n. 49 (Tex.2001). To complain of such an error, a litigant must seek review by appeal, rather than collateral attack.

**70.** *See Scurlock Oil Co. v. Smithwick,* 724 S.W.2d 1, 6 (Tex.1986) (stating that " '[t]he better view is that a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.' " (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 13, cmt. f)).

retrial of the issues on which the judgment or order was founded. When jurisdiction of the second tribunal attaches, the judgment or order of the first tribunal is not merely suspended, but is nullified. Examples of that type of trial are found in our statutes applicable to appeals from Justice Court judgments and from awards made by the Industrial Accident Board.[71]

In the Small Claims Court Act, the Legislature had referred to a judgment of the small claims court as "final", meaning subject to trial de novo, and may simply have wanted to emphasize for small claims litigants that the judgment after trial de novo was "final" in yet another sense of the word. This, in my view, is the most plausible construction of section 13, and certainly the least problematic.

For these reasons, I would hold that the court of appeals had jurisdiction of petitioner's appeal and would reverse and remand to that court for consideration of the merits.

71. 159 Tex. 227, 318 S.W.2d 619, 622 (1958).