# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00505-CV

### Green Tree Servicing, LLC, Appellant

### v.

### Royal Palms Manufactured Home & RV Community, Appellee

## FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
## NO. 281572, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Royal Palms Manufactured Home & RV Community ("Royal Palms") sued Green Tree Servicing, LLC, in small claims court seeking unpaid rent. The small claims court awarded Royal Palms the unpaid rent and Green Tree appealed the judgment to the county court at law. After a trial *de novo*, the county court at law rendered judgment in favor of Royal Palms, awarding Royal Palms unpaid rent plus interest and attorney's fees. *See* Tex. Gov't Code Ann. § 28.052(a) (West Supp. 2005) (stating that a dissatisfied party may appeal small claims court's judgment to county court or county court at law), § 28.053(b) (West 2004) (providing that trial on appeal is *de novo*).

Green Tree appeals the county court at law's judgment contending that it erred in finding Green Tree liable for unpaid lot rent, attorney's fees and court costs. Green Tree argues

further that the county court at law erred by awarding attorney's fees that were unreasonable and unnecessary. Royal Palms contends that section 28.053(d) of the government code deprives this court of jurisdiction to review the county court at law's judgment. We agree with Royal Palms and dismiss the appeal.

Section 28.053(d) states, "Judgment of the county court or county court at law on the appeal is final." *Id*. § 28.053(d). In *Sultan v. Mathew*, 178 S.W.3d 747, 749-50 (Tex. 2005), the supreme court held that the legislature intended for the word "final" in section 28.053(d) to mean final and unappealable. The supreme court's holding was based on its understanding of the role of small claims courts. *Sultan*, 178 S.W.3d at 750. The supreme court noted that the basic purpose of small claims courts is "to provide an affordable and expedient procedure for litigating claims involving relatively small amounts of money" and that this purpose is reflected in "almost every aspect of small claims court procedure." *Id*. For example, a small claims court hearing is "informal, with the sole objective being to dispense speedy justice between the parties." *See* Tex. Gov't Code Ann. § 28.033(d) (West 2004). Similarly, the county court must dispose of a claim on appeal from the small claims court "with all convenient speed." *Id*. § 28.053(a). Thus, the supreme court concluded, "When construing section 28.053(d) in the context of other small claims court provisions, all of which underscore the Legislature's basic goal of providing a simplified and inexpensive court procedure, it is reasonable to conclude that in section 28.053(d), the Legislature intended to forgo the added time and expense which inevitably accompany an appeal to the court of appeals." *Sultan*, 178 S.W.3d at 750.

Because the county court at law's judgment is final and cannot be appealed to this court, we dismiss Green Tree's appeal for lack of jurisdiction.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Dismissed for Want of Jurisdiction

Filed:   July 6, 2006