COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-431-CV

 

 

JAMES SCHULL                                                                  APPELLANT

 

                                                   V.

 

SEAHORSE POOLS AND SPAS                                                 APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This
attempted appeal arises from a lawsuit originally filed in small claims court
in July 2008.  The justice of the peace
rendered a judgment against appellant, James Schull.  The decision was appealed to the county court
at law for a trial de novo.  See
Tex. Gov=t Code
Ann. ' 28.053(b)
(Vernon Supp. 2009).  The county court at
law judge likewise found in favor of appellee, Seahorse Pools and Spas, and
entered a judgment against Schull. 
Schull responded by filing this appeal complaining of the county court
at law=s
judgment.

In July
2008, at the time the underlying case was filed, there was no statutory
provision extending our appellate jurisdiction to suits originating in small
claims court.  See Act of May 17,
1985, 69th Leg., R.S., ch. 480, ' 1, 1985
Tex. Gen. Laws 1721, 1816 (amended 2009) (current version at Tex. Gov=t Code
Ann. ' 28.053(d)
(Vernon Supp. 2009)) (amending government code effective September 1, 2009, to
confer jurisdiction on an appellate court to review a county court at law=s
judgment following a de novo appeal from small claims court).  Therefore, applying the prior version of
section 28.053(d) of the Texas Government Code, which was in effect at the time
the underlying case was filed, we lack jurisdiction to consider the merits of
Schull=s appeal
because the case was originally filed in small claims court.  See Sultan v. Mathew, 178 S.W.3d 747,
749B50 (Tex.
2005) (A[W]e
conclude that by declaring in section 28.053(d) that the >judgment
of the county court or county court at law is final,= the
Legislature intended to prohibit appeals to the courts of appeals.@).








Accordingly,
we grant Seahorse Pools and Spas=s motion
to dismiss this appeal for want of jurisdiction.  See id. at 752B53; Evans
v. Tal Indus., Inc., No. 02-08-00320-CV, 2008 WL 4938093, at *1 (Tex. App.CFort
Worth Nov. 20, 2008, no pet.) (mem. op.).

 

SUE WALKER

JUSTICE

 

PANEL: WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED: January 21, 2010











[1]See Tex. R. App. P. 47.4.