# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00571-CV

**Francis Ibezim, Appellant**

**v.**

**Ky Allen Strunc, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-08-009258, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Francis Ibezim, appearing pro se, appeals from a trial de novo in county court on his direct appeal from a judgment in favor of appellee Ky Allen Strunc in small claims court. At the time Ibezim filed suit, the courts of appeals lacked jurisdiction over cases originally filed in small claims court. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1720, 1816 (amended 2009) (current version at Tex. Gov't Code Ann. § 28.053 (West Supp. 2009)); *Sultan v. Mathew*, 178 S.W.3d 747, 752 (Tex. 2005).[1] As a result, we dismiss this appeal for want of jurisdiction.

---

[1] Government code section 28.053 was amended, effective September 1, 2009, to permit appeals from county court to the courts of appeals for cases originating in small claims court. *See* Tex. Gov't Code Ann. § 28.053 (West Supp. 2009). However, the amendment applies only to "an action filed on or after the effective date of this Act." Act of June 1, 2009, 81st Leg., R.S., ch. 1351, § 14, 2009 Tex. Gen. Laws 4273, 4282. Ibezim filed both his initial suit in small claims court and his direct appeal to county court prior to the September 1, 2009 effective date of the amendment.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed:   February 19, 2010