TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00067-CV






Ruth Wheeler, Appellant


v.


John Collier Hinson, Appellee






FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. C-1-CV-10-00825, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N




 Appellant Ruth Wheeler filed a notice of appeal of a county court at law judgment
in favor of appellee John Collier Hinson. According to Wheeler, the cause originated from a
small claims proceeding in Travis County Justice Court, which rendered judgment in her favor on
March 15, 2005. The decision was then appealed to Travis County Court at Law No. 2 for a trial
de novo, see Tex. Gov't Code Ann. § 28.053(b) (West Supp. 2010), resulting in a default judgment
in Hinson's favor. Wheeler asserts that she filed a bill of review in Travis County Court at Law
No. 1, which again found for Hinson. (1)

 The underlying case was filed in March 2005. At that time, there was no statutory
provision extending our appellate jurisdiction to suits originating in small claims court. See Act of
May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1721, 1816 (amended 2009). The
Texas Supreme Court has held that, under that version of the statute, courts of appeals lacked
jurisdiction over such appeals. See Sultan v. Matthew, 178 S.W.3d 747, 749-50 (Tex. 2005). The
government code was amended in 2009 to confer jurisdiction on appellate courts to review a county
court at law's judgment following de novo appeal from a small claims court, but this amendment
was expressly made to apply only in actions filed on or after the effective date of the Act,
September 1, 2009. See Tex. Gov't Code Ann. § 28.053(d) (West Supp. 2010). Therefore, we lack
jurisdiction to consider the merits of Wheeler's appeal. Accordingly, we dismiss the appeal for want
of jurisdiction. See Sultan, 178 S.W.3d at 752-53.


 

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin


Dismissed for Want of Jurisdiction


Filed: May 19, 2011
1. No clerk's record has been filed in this case. Wheeler filed an affidavit of indigence and
requested a free record, but a contest to her indigence was sustained in the trial court. Thereafter,
the Court sent Wheeler notice that she must make arrangements to pay for the clerk's record or her
appeal could be dismissed for want of prosecution. In response to the notice, Wheeler informed the
Court that she did not intend to appeal the contest to indigence, nor did she intend to abandon her
appeal. She then filed a "Motion For Ruling on Jurisdiction" and an affidavit in support thereof,
from which we have taken the facts recited above.