# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00067-CV

**Ruth Wheeler, Appellant**

**v.**

**John Collier Hinson, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-10-00825, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Ruth Wheeler filed a notice of appeal of a county court at law judgment in favor of appellee John Collier Hinson. According to Wheeler, the cause originated from a small claims proceeding in Travis County Justice Court, which rendered judgment in her favor on March 15, 2005. The decision was then appealed to Travis County Court at Law No. 2 for a trial de novo, *see* Tex. Gov't Code Ann. § 28.053(b) (West Supp. 2010), resulting in a default judgment in Hinson's favor. Wheeler asserts that she filed a bill of review in Travis County Court at Law No. 1, which again found for Hinson.[1]

---

[1] No clerk's record has been filed in this case. Wheeler filed an affidavit of indigence and requested a free record, but a contest to her indigence was sustained in the trial court. Thereafter, the Court sent Wheeler notice that she must make arrangements to pay for the clerk's record or her appeal could be dismissed for want of prosecution. In response to the notice, Wheeler informed the Court that she did not intend to appeal the contest to indigence, nor did she intend to abandon her appeal. She then filed a "Motion For Ruling on Jurisdiction" and an affidavit in support thereof, from which we have taken the facts recited above.

The underlying case was filed in March 2005. At that time, there was no statutory provision extending our appellate jurisdiction to suits originating in small claims court. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1721, 1816 (amended 2009). The Texas Supreme Court has held that, under that version of the statute, courts of appeals lacked jurisdiction over such appeals. *See Sultan v. Matthew*, 178 S.W.3d 747, 749-50 (Tex. 2005). The government code was amended in 2009 to confer jurisdiction on appellate courts to review a county court at law's judgment following de novo appeal from a small claims court, but this amendment was expressly made to apply only in actions filed on or after the effective date of the Act, September 1, 2009. *See* Tex. Gov't Code Ann. § 28.053(d) (West Supp. 2010). Therefore, we lack jurisdiction to consider the merits of Wheeler's appeal. Accordingly, we dismiss the appeal for want of jurisdiction. *See Sultan*, 178 S.W.3d at 752-53.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Dismissed for Want of Jurisdiction

Filed: May 19, 2011

2