NO. 07-06-0334-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2006
_____

ANTO ILICIC, APPELLANT

V.

MICHAEL O. JONES, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 93,210-2; HONORABLE PAMELA COOK SIRMON, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Anto Ilicic, attempts to appeal from a judgment rendered against him in the County Court At Law No. 2 of Potter County, Texas. We dismiss for want of jurisdiction.

Appellant was sued by appellee in small claims court for damages. After a take nothing judgment was entered against appellee, appellee perfected an appeal to the County Court At Law No. 2 of Potter County. At the conclusion of a bench trial, appellee

was granted judgment against appellant in the amount of $1,200 plus cost.  It is from this judgment that appellant is attempting to appeal.

Section 28.053(d) of the Texas Government Code controls the disposition of this matter.  The Texas Government Code provides: "Judgment of the county court or county court at law on appeal is final."  TEX. GOV'T CODE ANN. § 28.053(d) (Vernon 2004).  The Texas Supreme Court has interpreted this provision to mean that the judgment of the county court at law is not appealable to the court of appeals.  Sultan v. Mathew, 178 S.W.3d 747, 752 (Tex. 2005).  The courts of appeals lack jurisdiction to hear an appeal from a case originating in small claims court.  Id.  Accordingly, we dismiss this appeal for want of jurisdiction.  TEX. R. APP. P. 42.3(a).

Mackey K. Hancock
Justice