November 13, 2008

The Honorable Beverly Woolley
Chair, Committee on Calendars
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0682

Re: Meaning of "administrative costs" for purposes of section 352.1015(c), Tax Code, relating to the expenditures of revenue from the hotel occupancy tax (RQ-0714-GA)

Dear Representative Woolley:

Tax Code chapter 352 authorizes the commissioners courts of certain counties, by order or resolution, to impose a county hotel occupancy tax. TEX. TAX CODE ANN. § 352.002 (Vernon 2008) (listing categories of counties that may impose the tax). The tax is primarily for "enhancing and promoting tourism and the convention and hotel industry," although a county's authority to expend revenue from the tax depends on the statutes specifically applicable to the county. *Id.* § 352.1015(e); *see generally id.* §§ 352.101–.109 (subchapter B, designating uses of revenue for different categories of counties). Applicable to all counties imposing the tax, section 352.1015(c) allows a county to spend its hotel occupancy tax revenue for "administrative costs . . . incurred directly in the promotion and servicing expenditures authorized by the applicable provisions of [subchapter B] governing the use of revenue by that particular county." *Id.* § 352.1015(c).

You ask if expenditures for administrative costs authorized in section 352.1015(c) may include the payment of premiums for an insurance policy known as "key man" or "key person" insurance.[1] You explain "that a key-man life insurance policy is a life insurance arrangement under which an entity purchases a life insurance contract to insure the life of a 'key' person. The entity retains all the rights and benefits of the life insurance contract, including the rights to all death benefits and cash value." Request Letter, *supra* note 1, at 1 (citing *Split-Dollar Life Insurance Arrangements*, T.D. 9092, 2003–2 C.B. 1055). Your request does not specify a particular kind of entity that may be funded in part by the tax, or the particular positions that might be insured. *Id.* at 2.

---

[1]*See* Letter from Honorable Beverly Woolley, Chair, Committee on Calendars, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (May 12, 2008) (on file with the Opinion Committee, *also available at* www.texasattorneygeneral.gov) [hereinafter Request Letter].

To determine legislative intent, we "consider a statute as a whole and give meaning to the language that is consistent with its other provisions." *Sultan v. Mathew*, 178 S.W.3d 747, 749 (Tex. 2005). Section 352.1015 requires a county to expend hotel occupancy tax revenue as authorized by the statutes specifically applicable to the particular county and, with certain exceptions, prohibits using revenue from the tax "for the general revenue purposes or general governmental operations of a county." TEX. TAX CODE ANN. § 352.1015(e) (Vernon 2008).[2] Section 352.1015(a) authorizes a county commissioners court to contractually delegate "the management or supervision of programs and activities funded with revenue" from an authorized tax "to a person, including another governmental entity or a private organization." *Id.* § 352.1015(a). The commissioners court is responsible for approving such a delegatee's annual budget derived from the hotel occupancy tax revenue, and by contract, the delegatee is a fiduciary for the funds budgeted. *Id.* The provision you mention, subsection 352.1015(c), states that:

> Hotel occupancy tax revenue spent for a purpose authorized by this section may be spent for day-to-day operations, supplies, salaries, office rental, travel expenses, and *other administrative costs only if those administrative costs are incurred directly in the promotion and servicing expenditures authorized by the applicable provisions of this subchapter governing the use of revenue by that particular county.* If a county or other public or private entity that conducts an activity authorized by the applicable provisions of this subchapter governing the use of revenue by that particular county conducts other activities that are not authorized, the portion of the total administrative costs of the entity for which hotel occupancy tax revenue may be used may not exceed the portion of those administrative costs actually incurred in conducting the authorized activities.

*Id.* § 352.1015(c) (emphasis added).

The statute does not define the term "administrative costs." *Id.* But even assuming for purposes of this opinion that key person insurance is an administrative cost, the question here is whether this cost would be "incurred directly in the promotion and servicing expenditures authorized by the applicable provisions of [chapter 352, subchapter B]." *Id.* Whether a particular expenditure is "incurred directly in the promotion and servicing expenditures" as authorized generally will be a question of fact, and will depend on the specific facts and circumstances concerning the expenditure. *See* Tex. Att'y Gen. Op. No. JC-0348 (2001) at 2 (advising that whether, and to what extent, a particular expenditure is a legitimate administrative cost is a question of fact). Thus, we cannot say as a matter of law whether the use of tax revenues for key person insurance could be authorized as an administrative cost "incurred directly in the promotion and servicing expenditures" under section 352.1015(c). Rather, that issue is for the commissioners court, which approves the budget of the

---

[2]*But see* TEX. TAX CODE ANN. § 352.108(2) (Vernon 2008) (authorizing certain counties that border Mexico and contain a national recreation area to utilize "25 percent of the revenue for the general revenue purposes or general governmental operations of the county").

authorized program or activity, to determine in the first instance, subject to judicial review. TEX. TAX CODE ANN. § 352.1015(a), (c) (Vernon 2008). And in determining whether tax revenue may be expended on a key person insurance policy, the commissioners court must consider whether such an expenditure would be consistent with all provisions of chapter 352 that are applicable to the particular county. *See, e.g., id.* § 352.1015(c) (expenditure of tax revenue for administrative costs of an entity must not exceed the actual administrative costs of the authorized activity); *id.* § 352.1015(e) (tax revenue must directly enhance and promote tourism and the convention and hotel industry and may not be used for general governmental operations). *See generally id.* §§ 352.101–.109 (subchapter B, uses of revenue for different categories of counties).

**S U M M A R Y**

Tax Code section 352.1015(c) allows hotel occupancy tax revenue to be expended for administrative costs only if they are incurred directly for the promotion and servicing expenditures authorized by the provision applicable to the particular county, and the expenditure is otherwise consistent with chapter 352 of the Code. Whether expenditures for "key person insurance" premiums constitute an authorized administrative cost is for the commissioners court to determine in the first instance, subject to judicial review.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee