

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-07-00137-CV
_____


ROBERT LISTER, Appellant

V.

M. WESLEY WALTERS, Appellee


On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2007-7515-CCL


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Robert Lister had some Harrison County lands which he wanted to have cleared for agricultural use and M. Wesley Walters performs that type of work using a bulldozer. They each apparently believed that they had entered into an oral agreement for Walters to perform this clearing work. Work was performed by Walters, and Lister paid Walters money.

At first blush and up to this point, it would sound as if a common gentlemen's handshake agreement had been reached. However, as is often the case with such handshake agreements, a dispute arose between the gentlemen regarding the particulars of what they believed they had agreed upon and Lister, proceeding pro se, filed suit in justice court, claiming (among other things) that Walters had failed to perform within what he alleged was the agreed-upon period of time; Lister further claimed that he had been forced to hire someone else to complete the work. Lister claimed damages of $2,850.00 incurred by him in retaining another person to complete the project. Walters denied that he promised to complete the work within the time frame which Lister testified was a part of the agreement. The justice court awarded Lister a judgment for $1,400.00, and Walters appealed to the County Court at Law of Harrison County. The county court at law held a trial de novo in which both parties appeared pro se. After a very informal hearing, the court found no oral contract had been formed because "there was never a meeting of the minds between these two parties." On

2

his pro se appeal, Lister argues the trial court erred (1) by failing to administer the oath to the witnesses and (2) by failing to record testimony.[1]

This Court is without jurisdiction to review a county court at law's judgment in the appeal of a small claims case. *Sultan v. Mathew*, 178 S.W.3d 747, 752 (Tex. 2005);[2] *see Woodlands Plumbing Co. v. Rodgers*, 47 S.W.3d 146, 149 (Tex. App.—Texarkana 2001, pet. denied). Bearing this principle in mind, we must determine whether this action was decided by a small claims court.

---

[1]Even if we had jurisdiction over this appeal, Lister failed to preserve these issues for appellate review. Texas law is well settled that "[a] party proceeding pro se must comply with all applicable procedural rules" and is held to the same standards as a licensed attorney. *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.); *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978). Because Lister failed to object, Lister waived any error concerning the failure to administer the oath. *Trammell v. Mount*, 68 Tex. 210, 215, 4 S.W. 377, 379 (1887); *De La Garza v. Salazar*, 851 S.W.2d 380, 383 (Tex. App.—San Antonio 1993, no writ). Assuming a hearing occurred which is contained in the record, Lister failed to object to the failure of a court reporter to record the proceedings. *Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 162 (Tex. App.—Texarkana 2005, no pet.); *Reyes v. Credit Based Asset Servicing & Securitization*, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.); *see* TEX. R. APP. P. 33.1(a). Lister has not directed this Court to where he requested any exhibits to be admitted into evidence. "To preserve error concerning the exclusion of evidence, the complaining party must actually offer the evidence and secure an adverse ruling from the court." *Perez v. Lopez*, 74 S.W.3d 60, 66 (Tex. App.—El Paso 2002, no pet.).

[2]Justice Hecht notes in his dissenting opinion that an appellate court would have jurisdiction over an appeal from the decision of a county court or a statutory county court "appealed from a justice court," but would not have jurisdiction over a judgment "rendered by county court or a statutory county court in a case appealed from a small claims court." *Sultan*, 178 S.W.3d at 753 (Hecht, J., dissenting). Justice Hecht argued the court should interpret Section 28.053(d) of the Texas Government Code to mean the judgment is final and appealable. *Id.*; *see* TEX. GOV'T CODE ANN. § 28.053(d) (Vernon 2004). According to Justice Hecht, "[t]he jurisdictional structure of the Texas court system is unimaginably abstruse," and the court should have seized the opportunity to increase uniformity and simplicity of the jurisdictional structure. *Id.* We are obligated to follow the majority opinion of the Texas Supreme Court.

The Texas Government Code provides that a small claims court has concurrent jurisdiction with the justice court and the justice of the peace shall sit as the judge of the small claims court. TEX. GOV'T CODE ANN. § 28.002 (Vernon 2004), § 28.003 (Vernon Supp. 2007). We note that several of the documents in the record contain the caption "IN JUSTICE COURT PRECINCT 2" and several of the documents contain the seal of the justice court. *See* TEX. GOV'T CODE ANN. § 28.006 (Vernon 2004) (describing seal of a small claims court). However, the caption of Lister's petition provides "IN SMALL CLAIMS COURT PRECINCT 2" and the petition complies substantially with the form for actions in small claims courts. *See* TEX. GOV'T CODE ANN. § 28.012 (Vernon 2004) (providing a form for small claims court petitions). The judgment signed by the justice of the peace contains the caption "IN SMALL CLAIMS COURT PRECINCT 2." The record does not contain any order or docket entry transferring the case from the small claims court to the justice court. As such, we conclude this case was filed in small claims court and we lack jurisdiction over this appeal.

We dismiss this appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     February 19, 2008
Date Decided:       February 22, 2008

4