# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00287-CV

**J. D. Gulley, Appellant**

**v.**

**Philip Sueoka, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF BELL COUNTY
### NO. 51,769, HONORABLE GERALD M. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the county court at law's judgment declaring that the breach-of-contract claim brought by J.D. Gulley was barred by res judicata. However, because it is clear from the record that Gulley's suit originated in small claims court, we have no jurisdiction to hear Gulley's appeal and must therefore dismiss for want of jurisdiction. *See* Tex. Gov't Code Ann. § 28.053(d) (West 2004); Tex. R. App. P. 60.2(a).

## DISCUSSION

Gulley represents in his appellate brief that his initial suit was heard in justice court and appealed to the county court at law. However, the clerk's record establishes that Gulley's original petition was filed, and judgment was entered, in Small Claims Court of Precinct 1, Bell County, Texas, which had jurisdiction over the suit. *See* Tex. Gov't Code Ann. § 28.003 (West Supp. 2007). The judgment is captioned "IN THE SMALL CLAIMS COURT" and bears the

seal of the small claims court, *see id.* § 28.006 (West 2004), and Gulley's petition substantially complies with the form for actions in small claims court. *Id.* § 28.012.

Under the government code, a dissatisfied party may appeal the judgment of the small claims court to the county court or county court at law, *id.* § 28.052(a) (West Supp. 2007), but the judgment on appeal is "final." *Id.* § 28.053(d) (West 2004). The Texas Supreme Court has interpreted this provision to mean that the judgment of a county court or county court at law is "final *and not appealable.*" *Sultan v. Mathew*, 178 S.W.3d 747, 751 (Tex. 2005) (emphasis added). Thus, "under section 28.053(d) of the Texas Government Code, the courts of appeals lack jurisdiction over cases originally filed in the small claims court." *Id.* at 752; *see also Lister v. Walters*, No. 06-07-00137-CV, 2008 Tex. App. LEXIS 1351, at *4-5 (Tex. App.—Texarkana Feb. 22, 2008, no pet. h.) (holding that court lacked jurisdiction to consider appeal, noting that although several documents in record were captioned "In Justice Court" and several contained seal of justice court, plaintiff's petition was captioned "In Small Claims Court" and petition complied with form for actions in small claims court).

Accordingly, we dismiss the appeal for want of jurisdiction.

_____

Diane Henson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: May 9, 2008