In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00042-CV


______________________________




KENNETH GRUBBS, Appellant



V.



JOE CLAIR, D/B/A SULPHUR SPRINGS TRANSMISSION, Appellee




 


On Appeal from the County Court at Law


 Hopkins County, Texas


Trial Court No. CV37955




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 On June 2, 2008, we mailed a letter to Kenneth Grubbs' counsel requesting that counsel show
this Court how we had jurisdiction over this appeal regarding two potential defects: (1) the suit
apparently began in small claims court and then was appealed to the county court at law, thereby
depriving this Court of jurisdiction under Lister v. Walters, 247 S.W.3d 381 (Tex. App.--Texarkana
2008, no pet.); and (2) the order appealed from appeared to be a nonappealable interlocutory order.

 In that letter, we directed counsel to show this Court how we had jurisdiction and informed
him that, if no response was received by June 12, 2008, the appeal would be dismissed for want of
jurisdiction. It is now June 25, 2008, and no response has been received.

 We dismiss this appeal for want of jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 25, 2008

Date Decided: June 26, 2008




eal. Alexander's attorney has filed a brief in which
he concludes that the appeal is frivolous and without merit, after a review of the record and the
related law.

 Counsel states that he has studied the record and finds no error preserved for appeal that
could be successfully argued. The brief contains a professional evaluation of the record. This meets
the requirements of Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

 Counsel mailed a copy of the brief to Alexander on October 6, 2008, informing Alexander
of his right to examine the entire appellate record and to file a pro se response. Counsel
simultaneously filed a motion with this Court seeking to withdraw as counsel in this appeal. 
Alexander filed his pro se response December 12, 2008. 

 We have determined that this appeal is wholly frivolous. We have independently reviewed
the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 We affirm the trial court's judgment. (2)



 Bailey C. Moseley

 Justice


Date Submitted: January 2, 2009

Date Decided: January 9, 2009


Do Not Publish
1. The conviction having been in Smith County, this case was originally appealed to the
Twelfth Court of Appeals and was then transferred to this Court by the Texas Supreme Court
pursuant to its docket equalization efforts. See Tex. Gov't Code Ann. § 73.001 (Vernon 2005). 
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Alexander in this case. No
substitute counsel will be appointed. Should Alexander wish to seek further review of this case by
the Texas Court of Criminal Appeals, Alexander must either retain an attorney to file a petition for
discretionary review or Alexander must file a pro se petition for discretionary review. Any petition
for discretionary review must be filed within thirty days from the date of either this opinion or the
last timely motion for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any
petition for discretionary review must be filed with this Court, after which it will be forwarded to
the Texas Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App.
P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.