

**MEMORANDUM OPINION**

No. 04-08-00755-CV

Shannon L. **JOHNSON**,
Appellant

v.

David **D'ANGELO** and Hayley D'Angelo,
Appellees

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 30-S-08-00375-01
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:   Phylis J. Speedlin, Justice
           Rebecca Simmons, Justice
           Steven C. Hilbig, Justice

Delivered and Filed:   May 20, 2009

DISMISSED FOR WANT OF JURISDICTION

Based on our review of the record and applicable law, we conclude that we do not have

jurisdiction in this appeal arising out of a suit filed in small claims court, and therefore dismiss the

appeal.

Under section 28.052 of the Texas Government Code, if the amount in controversy exceeds $250, a dissatisfied party may appeal the final judgment of the small claims court to the county court or county court at law. TEX. GOV'T CODE ANN. § 28.052 (Vernon Supp. 2008); *see* TEX. R. CIV. P. 571-574b. In the instant case, on September 15, 2008, the justice of the peace signed a judgment in a small claims lawsuit for $948.17 in favor of appellees. Appellant filed a motion for new trial which was denied on September 18, 2008. Thereafter, appellant filed a "Motion and Notice of Appeal and Affidavit of Sufficient Cause for Appeal, and Affidavit of Inability to Post Appeal Bond" on September 22, 2008; the justice of the peace denied the right of appeal and affidavit of indigence the same day. On September 26, 2008, appellant timely sought a *de novo* review of the matter in the county court at law. *See* TEX. R. CIV. P. 572 (upon filing of affidavit of inability to pay appeal bond, it is the duty of the justice of the peace to determine the party's right to appeal; if the right of appeal is denied by the justice court, appellant may within five days bring the matter before the county judge for a *de novo*, final decision). The county court at law denied appellant's affidavit of indigence and right of appeal on October 6, 2008. Appellant thereafter filed a notice of appeal which was forwarded to this court. From our initial review of the record it appeared that we do not have jurisdiction to review the county court at law's decision in an appeal from a suit originating in small claims court. Therefore, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant filed a response arguing that this court does have jurisdiction over this appeal. We disagree.

Section 28.053 of the Texas Government Code authorizes the county court or county court at law to dispose of small claims appeals, and provides that the judgment of the county court or

county court at law on the appeal is final. TEX. GOV'T CODE ANN. § 28.053(a), (d) (Vernon 2004). Therefore, the courts of appeal do not have jurisdiction to review a county court at law's decision on a small claims appeal. *See Sultan v. Mathew*, 178 S.W.3d 747, 748 (Tex. 2005); *see also Lister v. Walters,* 247 S.W.3d 381, 383 (Tex. App.—Texarkana 2008, no pet.); *Oropeza v. Valdez*, 53 S.W.3d 410, 411-12 (Tex. App.—San Antonio 2001, no pet.); *Howell Aviation Services v. Aerial Ads, Inc.*, 29 S.W.3d 321, 323 (Tex. App.—Dallas 2000, no pet.); *Williamson v. A-1 Elec. Auto Serv.*, 28 S.W.3d 731, 731-32 (Tex. App.— Corpus Christi 2000, pet. dism'd w.o.j.); *A-Rocket Moving & Storage v. Gardner,* No. 14-99-01380-CV, 2001 WL 333447, at *1 (Tex. App.— Houston [14th Dist.] April 5, 2001, no pet.)(not designated for publication); *Lederman v. Rowe*, 3 S.W.3d 254, 256 (Tex. App.—Waco 1999, no pet.); *Gaskill v. Sneaky Enters., Inc.*, 997 S.W.2d 296, 297 (Tex. App.—Fort Worth 1999, pet. denied). Accordingly, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM