In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00339-CV


____________________



H. JOHN LANG, Appellant



V.



NATHAN HOAGLAND, d/b/a


N & H MATERIAL & CONSTRUCTION CO., Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause No. 07-21,368 






MEMORANDUM OPINION


 H. John Lang appealed a summary judgment granted to Nathan Hoagland, d/b/a N &
H Material & Construction Co. on deemed admissions. Because the case originated in small
claims court, the judgment of the county court at law is final. Accordingly, we dismiss the
appeal for want of jurisdiction.

 Hoagland filed a "Plaintiff's Petition For Small Claims/Justice Civil." The claim is
sworn and substantially in the form required by section 28.012 of the Texas Government
Code. See Tex. Gov't Code Ann. § 28.012 (Vernon 2004). On April 19, 2007, the justice
of the peace signed a judgment awarding Hoagland $2,533 in accordance with the jury's
verdict. Lang appealed to the county court at law. Hoagland filed a motion for summary
judgment based upon deemed admissions on Hoagland's claim for breach of contract. The
trial court granted summary judgment that awarded Hoagland $2,409.12 plus $1,872.63 in
attorney fees. Appearing through counsel for the first time, Lang filed a motion for new trial
and a motion to strike the deemed admissions. The trial court denied Lang's motion for new
trial and Lang filed notice of appeal to this court. In two appellate issues, Lang contends the
trial court erred in failing to strike the deemed admissions and erred in denying Lang's
motion for new trial.

 Small claims actions are governed by Chapter 28 of the Texas Government Code. See
Tex. Gov't Code Ann. §§ 28.001-.055 (Vernon 2004 & Supp. 2008). The justice of the
peace sits as judge of the small claims court. Id. § 28.002. The small claims court has
jurisdiction concurrent with the justice court. Id. § 28.003(a) (Vernon Supp. 2008). To
institute an action in small claims court, the claimant must file a sworn statement of the
claim. § 28.012. A party is entitled to a jury trial. § 28.035. If the amount in controversy
exceeds $250, a dissatisfied party may appeal to the county court at law. § 28.052(a)
(Vernon Supp. 2008). After trial de novo, the judgment of the county court at law on the
appeal is final. § 28.053(d). (1) Courts of appeals lack appellate jurisdiction over cases
originally filed in small claims court. Sultan v. Mathew, 178 S.W.3d 747, 748 (Tex. 2005);
see also Woodlands Plumbing Co. v. Rodgers, 47 S.W.3d 146, 148 (Tex. App.--Texarkana
2001, pet denied). In a small claims case, the final judgment of the county court at law is not
appealable. Sultan, 178 S.W.3d at 751. 

 Although the original petition filed with the justice of the peace is called a "Petition
For Small Claims," we note that several documents refer to the "Justice Court, Precinct Two"
without mention of the small claims court. This case is similar to Lister v. Walters, where
the plaintiff filed a substantially compliant section 28.012 form in small claims court. Lister
v. Walters, 247 S.W.3d 381 (Tex. App.--Texarkana 2008, no pet.). After appeal de novo to
the county court at law, the plaintiff appealed to the court of appeals. Id. at 382-83. Several
documents in the clerk's record contained the caption for the justice court rather than the
small claims court. Id. at 383. Noting that the plaintiff filed a small claims petition and the
record did not contain an order transferring the case from the small claims court to the justice
court, the appellate court concluded that the case was filed in small claims court and
dismissed the appeal. Id. Here, the plaintiff filed a small claims petition and there is nothing
in the record establishing that the case was transferred to the justice court before judgment. 
See generally Tex. Gov't Code Ann. § 74.121 (Vernon 2005); Tex. R. Civ. P. 527, 531. 
Because the case originated as a small claims case filed pursuant to Chapter 28 of the Texas
Government Code, section 28.053 applies. We dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.


 __________________________________

 CHARLES KREGER

 Justice


Submitted on August 7, 2009

Opinion Delivered August 31, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.
1. The 2009 amendment to section 28.053 of the Government Code is prospective only
and does not apply to this case, which commenced before September 1, 2009. See Act of
June 1, 2009, 81st Leg., R.S., ch. 1351, §§ 9, 14, 2009 Tex. Gen. Laws ___ (Tex. S.B. 408,
to become effective Sept. 1, 2009).