Dismissed
for Want of Jurisdiction, and Memorandum Opinion filed October 29, 2009.

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00721-CV

___________________

 

Abraham Melawer, Appellant

 

v.

 

Robert S. Tipton, Appellee



 



 

On Appeal from the County Court

Shelby County, Texas



Trial Court Cause No. 2007-4161CV

 



 

 

MEMORANDUM OPINION

            This attempted appeal arises from a lawsuit
originally filed in small claims court[1] in Shelby
County.  The justice of the peace rendered a judgment against appellant,
Abraham Melawer, which he then appealed to the county court for a trial de
novo.  See Tex. Gov’t Code Ann. § 28.053(b) (Vernon 2004 & Supp.
2009).  The county court judge likewise found in favor of appellee, Robert S.
Tipton, and entered a judgment against Melawer.  Appellant responded by filing
this appeal complaining of the county court’s judgment.

            However, under section 28.053(d) of the Texas
Government Code, we lack jurisdiction to consider the merits of Melawer’s
appeal because this case was originally filed in small claims court.  See
Sultan v. Mathew, 178 S.W.3d 747, 749–50 (Tex. 2005) (“[W]e conclude that
by declaring in section 28.053(d) that the ‘judgment of the county court or
county court at law is final,’ the Legislature intended to prohibit appeals to
the courts of appeals.”).[2]  Accordingly,
we must dismiss this appeal for want of jurisdiction.[3] 
See id. at 752–53.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Chief Justice Hedges, and Justices Seymore
and Sullivan.

 









[1]  We note that
some of the documents filed by Melawer contain the caption, “IN THE JUSTICE
COURT OF SHELBY COUNTY, TEXAS.”  See Tex. Gov’t Code Ann. §§ 28.002–.003
(Vernon 2004 & Supp. 2009) (providing for concurrent jurisdiction between
small claims court and justice court, and specifying that a justice of the
peace also sits as the judge in small claims court).  However, the caption of
the lawsuit petition filed by appellee, Robert S. Tipton, reads “Small Claims –
Statement of Claim” and is followed by the notation “TEX. GOV’T CODE ANN.
28.012.”  Section 28.012 provides the form for a small-claims petition, and
Tipton’s Statement of Claim closely tracks that requisite form.  See id.
§ 28.012(b) (Vernon 2004).  The citation also commanded Melawer to appear
“before the Small Claims Court” and was signed by the Shelby County Justice of
the Peace in his capacity as judge of the small claims court.  Further, the
record does not indicate that the case was transferred from the small claims
court to the justice court.  Thus, notwithstanding Melawer’s suggestion to the
contrary in his trial-court pleadings, we conclude this case was filed in small
claims court.  See Lister v. Walters, 247 S.W.3d 381, 383 (Tex.
App.—Texarkana 2008, no pet.).





[2]  After this
case was filed, the Texas Legislature amended the Government Code to confer
jurisdiction on an appellate court to review a county court’s judgment
following a de novo appeal from small claims court.  See Act of
June 1, 2009, 81st Leg., R.S., ch. 1351, § 9, 2009 Tex. Sess. Law Serv. 4271,
4273 (Vernon) (to be codified at Tex. Gov’t Code Ann. § 28.053(d)).  However,
the Legislature expressly limited the scope of that amendment to apply only to
actions filed after September 1, 2009.  See id. §§ 14, 15, 2009 Tex.
Sess. Law. Serv. at 4280–81.  Therefore, this case, which was filed before the
effective date of the amendment, is still governed by the previous version of
section 28.053(d) discussed in Sultan.  See id. § 14, 2009 Tex.
Sess. Law Serv. at 4280.





[3]  On September
23, 2009, we notified the parties of our intent to dismiss this appeal pursuant
to Sultan but invited them to demonstrate our jurisdiction to consider
the merits of this case.  See Tex. R. App. P. 42.3.  In response,
appellant suggested we assume some sort of “case-by-case” jurisdiction
when warranted by the facts.  However, as an intermediate court of appeals, we
are not free to simply disregard the Texas Supreme Court’s clear pronouncement
that we cannot review the merits of this appeal.  See Sultan, 178 S.W.3d
at 752–53; In re K.M.S., 91 S.W.3d 331, 331 (Tex. 2002).