Opinion issued November 5, 2009



 

 

 



 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00545-CV






FREDDIE LEE WALKER, Appellant


v.


KATHERINE MCDOUGALD VILLARREAL, DANNY W. SHERMAN AND
JEAN A. SCHAFFNER, Appellees






On Appeal from the County Civil Court at Law No. 2

Brazoria County, Texas

Trial Court Cause No. CI037029







MEMORANDUM OPINION

 At all times relevant to this appeal, Freddie Lee Walker, appellant, was an
inmate incarcerated in the Texas Department of Justice Institutional Division, Wayne
Scott Unit. In 2006, Walker filed a suit in Small Claims Court in Brazoria County
against various correctional officers, alleging that the officers had wrongfully
confiscated his typewriter and other personal protperty. The Brazoria County Small
Claims Court dismissed Walker's suit and Walker then appealed to the County Court
at Law in Brazoria County. The County Court at Law also dismissed Walker's suit,
and this appeal followed. 

 In two points of error, Walker alleges that the County Court at Law erred in
dismissing his appeal of the judgment against him in Small Claims Court. In his first
point, Walker alleges that the County Court at Law's dismissal of his appeal denying
his motion for new trial pursuant to Chapter 14 of the Texas Civil Practice and
Remedies Code was erroneous because "he did not file an affidavit with the small
claims court [ . . . ] to proceed in forma pauperis, nor did the small claims court advise
appellant of the costs to institute a claim in the small claims court." In his second
point of error, Walker argues that the County Court at Law erred when it dismissed
his appeal from Small Claims Court because the dismissal did not specify which
provision of Chapter 14 the County Court relied upon. We dismiss this appeal for
lack of jurisdiction. 


Jurisdiction

 Although not raised by the State in its brief or by motion, we must first address
whether we have jurisdiction over this appeal. See M.O. Dental Lab v. Rape, 139
S.W.3d 671, 673 (Tex. 2004) (appellate court obliged to assess its own jurisdiction
sua sponte). Section 28.053 authorizes the county court or county court at law to
dispose of appeals from the small claims courts and provides that the judgment of the
county court or county court at law on the appeal is final. Tex. Gov't Code Ann.
§ 28.053(a), (d) (Vernon 2004). The Texas Supreme Court has stated that, pursuant
to section 28.053, courts of appeals such as ours do not have jurisdiction to review
a county court at law's decision on a small claims appeal. Sultan v. Mathew, 178
S.W.3d 747, 748 (Tex.2005); see also Lister v. Walters, 247 S.W.3d 381, 383 (Tex.
App.--Texarkana 2008, no pet.) ("This Court is without jurisdiction to review a
county court at law's judgment in the appeal of a small claims case.").

 Walker nonetheless argues that we have jurisdiction over this appeal because 
the language of Texas Government Code section 22.220 in effect at the time he filed
his suit generally granted our court appellate jurisdiction "of all civil cases within its
district of which the district courts or county courts have jurisdiction when the
amount in controversy or the judgment rendered exceeds $100, exclusive of interest
and costs." Acts 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Sess. Law. Serv. 1730
(amended 2009)(current version at Tex. Gov't Code Ann. § 22.220 (Vernon Supp.
2009)). (1) Walker's argument, however, was specifically addressed and dismissed by
the Texas Supreme Court in Sultan, where the Supreme Court made it clear that the
appellate jurisdiction granted to us by section 22.220 does not include review of a
judgment rendered by a county court at law if the case had originally been filed in
small claims court. 178 S.W.3d at 751 ("[S]ection 28.053, which applies only to civil
cases originating in small claims court, controls over section 22.220, which applies
to 'all civil cases.'") (citing Tex. Govt Code §§ 28.053(a), 22.220(a)). In Sultan, the
Texas Supreme Court specifically held that "under section 28.053(d) of the Texas
Government Code, the courts of appeals lack jurisdiction over cases originally filed
in the small claims court." Id. at 752.

 Accordingly, this appeal is dismissed for lack of jurisdiction. See Tex. R. App.
P. 42.3(a).

 

 George C. Hanks, Jr.

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.
1. Section 22.220 was recently amended to increase the dollar amount in controversy to $250. 
Tex. Gov't Code Ann. § 22.220 (Vernon Supp. 2009).