Opinion issued December 17, 2009 








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00876-CV




PETER KEMAL GUNDOGAN, Appellant

V.

WOODGROVE CONDOMINIUM ASSOCIATION, Appellee




On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 890,214




MEMORANDUM OPINION ON MOTION FOR REHEARING

          On September 24, 2009, on motion for rehearing by appellee Woodgrove
Condominium Association (“Woodgrove”), we issued a memorandum opinion
dismissing the cause for lack of jurisdiction. On October 12, 2009, appellant Peter
Kemal Gundogan filed a motion for rehearing. We grant Gundogan’s motion for
rehearing. Tex. R. App. P. 49.3. We also withdraw our September 24, 2009
memorandum opinion and judgment, and issue this memorandum opinion and
judgment in their stead. 
          Appellant, Peter Kemal Gundogan, appeals a take nothing judgment denying
legal damages in a suit involving damages to his real property. In eleven issues,
Gundogan argues that (1) the trial court erred in finding that he refused to timely
respond to discovery requests; (2) the trial court erred in requesting evidence of his
claim beyond what he presented to the Justice court; (3) the trial court erred in
dismissing his suit due to his lack of English proficiency and lack of legal
representation; (4) the trial court erred in making its final judgment on “mere
technicalities”; (5) the trial court erred in failing to find appellee Woodgrove
responsible for the proper maintenance of the pipes in his residence; (6) the trial court
erred in failing to find Woodgrove negligent in not taking appropriate measures to
prevent the failure of the pipes in his residence; (7) the trial court erred in failing to
find Woodgrove was derelict in ignoring Gundogan’s emergency call; (8) the trial
court erred in failing to find Woodgrove negligent in making repairs to the piping
after a previous piping failure; (9) the trial court erred in failing to determine whether
the original amount of money awarded to him by the Justice court was sufficient to
cover the damages at a cost based on current market prices; (10) the trial court erred
in failing to determine whether Woodgrove was liable for the emotional stress and
inconvenience of living in a residence damaged by flooding due to Woodgrove’s
failure to repair the piping in Gundogan’s residence; and (11) the trial court erred in
failing to assess punitive damages for Woodgrove’s dereliction of duties due to its
failure to repair the pipes in Gundogan’s residence.
          We reverse and remand.Background
          On November 10, 2006, appellant, Peter Kemal Gundogan (“Gundogan”) filed
a small claims suit in the Harris County Justice Court, Precinct Five, Place One,
against appellee Woodgrove Condominium Association (“Woodgrove”) on a
negligence claim. Gundogan alleged that Woodgrove failed to properly maintain the
pipes in Gundogan’s residence, resulting in $3700 in damages to Gundogan’s
residence. Gundogan won a $2,500 justice court judgment against Woodgrove on an
unknown date. The justice court’s judgment is not included in the appellate record.
          On April 12, 2007, Woodgrove appealed the justice court judgment to the
Harris County Civil Court at Law, No. 1. On May 4, 2007, Woodgrove deposited
$5,000 in cash to the Harris County Treasurer in lieu of a justice court appeal bond
to secure the county court’s jurisdiction over the appeal.
          The trial court set a bench trial on Woodgrove’s appeal on July 23, 2007.
Gundogan moved for a continuance on May 25, 2007 on the ground that he would be
out of the country for three months. The trial was reset for September 24, 2007. 
Woodgrove filed a motion to compel discovery on August 24, 2007, apparently
alleging that Gundogan had failed to respond to discovery requests. Neither motion
is in the appellate record. On September 4, 2007, the trial court held a hearing and
signed an order compelling Gundogan to respond to Woodgrove’s discovery requests. 
There is no evidence that Gundogan had notice of Woodgrove’s motion for this
hearing or that he attended the hearing. Woodgrove also filed a motion for
continuance of the September 24, 2007 trial to give Gundogan time to respond to its
discovery requests. On the day of trial, the trial court denied Woodgrove’s request
for a continuance to permit Gundogan to answer its discovery requests on the ground
that Gundogan had represented to the court immediately before trial that he had fully
complied with all the discovery requests and that the court had warned him that if he
did not fully comply, that there would be adverse consequences. 
          At trial, Woodgrove produced its motion to compel discovery and stated it was
served by certified mail and was returned as unclaimed. Gundogan requested proof
that he had received the notice, and Woodgrove’s attorney produced a letter marked
“unclaimed.” The trial court stated on the record that the letter contained
Woodgrove’s motion to compel discovery and Woodgrove’s request for production. 
Gundogan testified that he never received notice of the requests or motion because
he was out of the country when the discovery requests were mailed to his home. The
trial court stated that someone’s refusal to claim certified mail “does not mean that
they did not receive notice.” The court ordered Woodgrove’s counsel to make a copy
of the back of the certified mail that marked or indicated that it was refused so that
the record would be complete.
          Gundogan offered four pieces of evidence to the trial court—an affidavit from
an absent witness who had testified in small claims court, a photograph of the damage
to his residence, a notice from a fire department requesting $477 to turn off
Gundogan’s water, and a damage estimate. Woodgrove objected to each of the four
pieces of evidence on the ground that Gundogan failed to timely respond to discovery
requests. All objections were sustained on the ground that the documents were not
produced in discovery after the court signed an order compelling discovery following
the hearing on September 4, 2007. Three of the four documents had been produced
in the trial in small claims court. The fourth was an invoice for $477 from the fire
department for shutting off the water, which Gundogan testified he received after
going to small claims court. 
          The trial court sustained Woodgrove’s hearsay objections to Gundogan’s
testimony that he found out about the leak at his apartment from his roommate, to the
affidavit Gundogan attempted to offer from his roommate of the roommate’s
testimony in small claims court, and to Gundogan’s attempt to introduce testimony
about the broken pipes previously introduced in small claims court. The court also
sustained Woodgrove’s hearsay objection to Gundogan’s attempt to testify that he
called “the fire department” and “the police department” and that:
[t]he whole house was flooded and damaged. They came. They
went to the second floor. They thought maybe a pipe broke down
on the second floor.
 
It wasn’t broken on the second floor. It was broken between my
ceiling and the second first floor, and which is—which is—.

Woodgrove moved for judgment because Gundogan “[had] not proven any damages
in this case.” The court granted a take-nothing judgment for Woodgrove. Gundogan
filed an appeal to this Court on October 9, 2007.
Jurisdiction
          As a preliminary matter, Woodgrove argues that this Court does not have
jurisdiction because Gundogan filed his claim in the small claims court. Prior to
September 2009, appeals filed and decided in small claims court could be appealed
to the county court at law for de novo review, but, unlike cases filed in or transferred
to the justice court, they could not be appealed from the county court to the court of
appeals. See Sultan v. Mathew, 178 S.W.3d 747, 749–52 (Tex. 2005) (stating, “[W]e
conclude that by declaring in section 28.053(d) that the ‘judgment of the county court
or county court at law is final,’ the Legislature intended to prohibit appeals to the
courts of appeals” and recognizing difference between small claims courts and justice
courts)


; Tex. Gov’t Code Ann. § 74.121 (Vernon 2005) (authorizing transfer of
cases); see also id., 178 S.W.3d at 761 (Hecht, J., dissenting) (recognizing that courts
of appeal have jurisdiction over claims filed in small claims court and transferred to
justice court, county court or statutory county court and decided by any judge or
justice of the peace eligible to sit); Lister v. Walters, 247 S.W.3d 381, 383 (Tex.
App.—Texarkana 2008, no pet.) (stating court of appeals “must determine whether
this action was decided by a small claims court” and “[t]he record does not contain
any order or docket entry transferring the case from the small claims court to the
justice court,” and concluding it did not have jurisdiction). 
          In order for jurisdiction to attach in a county court on an appeal from a justice
court proceeding, the appealing party must file an appeal bond with the justice of the
justice court in an amount double the amount of the judgment within 10 days after the
judgment or order overruling a motion for new trial is signed. Tex. R. Civ. P. 571;
see Meyers v. Bedford, 550 S.W.2d 359, 360 (Tex. Civ. App.—El Paso 1977, no writ)
(stating that filing appeal bond “is a prerequisite to the jurisdiction of the county
court”). The appeal bond must be signed by “two or more good and sufficient
sureties” and must be approved by the justice of the justice court. Tex. R. Civ. P.
571. When the bond has been filed with the justice of the justice court, the appeal has
been perfected. Tex. R. Civ. P. 571, 573. When the appeal has been perfected, the
justice of the justice court “shall immediately make out a true and correct copy of all
the entries” on his docket sheet and certify the copy. Tex. R. Civ. P. 574; see
Advance Imps., Inc. v. Gibson Prods. Co., 533 S.W.2d 168, 170 (Tex. Civ.
App.—Dallas 1976, no writ). He must send the transcript, consisting of the certified
docket sheet, a certified copy of the bill of costs from his fee book, and any original
papers in the cause to the clerk of the county court having jurisdiction. Tex. R. Civ.
P. 574.
          Here, the record on appeal contains appellant’s original petition and the
original answer. The judgment of the justice court, the certified docket sheet from the
justice court, the certified copy of costs from the justice court’s fee book, and any
other original papers filed in the justice court are not included in the appellate record. 
The record does, however, contain an appeal bond filed in the justice court in the
amount of $5,000. The caption of the lawsuit filed in the justice of the peace court
indicates that it was filed as a small claim. See Tex. Gov’t Code Ann.
§§ 28.002–.003 (Vernon 2004 & Supp. 2009) (providing for concurrent jurisdiction
between small claims court and justice court and specifying that justice of the peace
also sits as judge in small claims court). However, Woodgrove filed its cost bond on
appeal with the justice court, which is some evidence that the action was decided by,
and the judgment was issued by, the justice court.
          Because the cost bond on appeal was processed by the justice of the peace in
his capacity as judge of the justice court, we conclude that the record contains
evidence supporting our jurisdiction to consider this appeal. See Lister, 247 S.W.3d
at 383; see also Tex. Gov’t Code Ann. § 74.121 (authorizing transfer of cases);
Sultan, 178 S.W.3d at 761 (Hecht, J., dissenting) (recognizing that courts of appeal
have jurisdiction over claims filed in small claims court and transferred to justice
court, county court or statutory county court and decided by any judge or justice of
the peace eligible to sit). There is no contravening evidence. We conclude, therefore,
that we have jurisdiction over this appeal and turn to the merits.
Failure to Timely Respond to Discovery Requests
          In his first issue, Gundogan argues that the trial court erred in finding that he
refused to timely respond to discovery requests because he was out of the country
when Woodgrove mailed the requests to him.
          Notice
          Texas Rule of Civil Procedure 21a creates a presumption that a document
properly mailed has been received. Tex. R. Civ. P. 21a; Thomas v. Ray, 889 S.W.2d
237, 238 (Tex. 1994); Meek v. Bishop Peterson and Sharp, P.C., 919 S.W.2d 805,
810 (Tex. App.—Houston [14th Dist.] 1996, writ denied). The presumption may be
rebutted by an offer of proof of nonreceipt. Thomas, 889 S.W.2d at 238; Meek, 919
S.W.2d at 810. The presumption of receipt under Rule 21a vanishes when verified
evidence is introduced that the document was not received. Wembley Inv. Co. v.
Herrera, 11 S.W.3d 924, 927 (Tex. 1999).
          Here, Woodgrove offered its motion to compel Gundogan to comply with
discovery requests. Gundogan testified that he never received Woodgrove’s request
for production or its notice of the motion to compel. Although Gundogan’s testimony
is clear, direct, and readily controvertible, Woodgrove made no attempt to cross-examine Gundogan or to offer any evidence contrary to Gundogan’s. Woodgrove
offered only a returned envelope marked “unclaimed” as evidence that it properly sent
notice of the motion to compel. The record reveals that Woodgrove sent its request
for production and motion to compel to Gundogan during the time period that
Gundogan had previously stated that he would be out of the country. The trial court
was not free to disregard Gundogan’s uncontroverted testimony that he was out of the
country when Woodgrove sent him its requests for production and motion to compel
and the uncontroverted evidence that the mail was unclaimed. See City of Keller v.
Wilson, 168 S.W.3d 802, 820 (Tex. 2005). We hold that the trial court erred in
indulging the Rule 21a presumption that Woodgrove’s request for production and its
notice of the motion to compel were received by Gundogan. See Wembley, 11 S.W.3d
at 927.
 
          Failure to Timely Respond
          A party who fails to make a discovery response in a timely manner may not
introduce in evidence the material or information that was not timely disclosed, unless
the trial court finds either that there was good cause for the failure to timely make the
discovery response or that the failure to timely make the discovery response will not
unfairly surprise or prejudice the other party. Tex. R. Civ. P. 193.6; see also
Alvarado v. Farah Mfg. Co., 830 S.W.2d 911, 915 (Tex. 1992). The trial court has
discretion to determine whether the offering party has met its burden of showing good
cause to admit the testimony, but the trial court has no discretion to admit testimony
excluded by the rule without a showing of good cause. Alvarado, 830 S.W.2d at 915. Here, Gundogan offered four pieces of evidence to the trial court—an affidavit
from a witness, a photograph of the damage at his residence, a notice from an
unknown fire department requesting $477 to turn off Gundogan’s water, and a
damage estimate. Woodgrove objected to each of the four pieces of evidence on the
grounds that Gundogan failed to timely respond to discovery requests. The trial court
sustained each of Woodgrove’s four objections and excluded Gundogan’s four pieces
of evidence. Having held that the trial court erred in indulging the presumption that
the request for production and notice of the motion to compel Woodgrove properly
sent were received, we further hold that the trial court erred in excluding Gundogan’s
four pieces of evidence on the ground of failure to timely respond to discovery
requests. See Alvarado, 830 S.W.2d at 915.
          Therefore, we sustain Gundogan’s first issue.


 
Conclusion
          We reverse the judgment of the trial court and remand the case to the trial court
for a new trial. 
 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Jennings, Keyes, and Higley.