

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-12-00049-CV

---

DOUGLAS ZINK, Appellant

V.

RON BARKER, Appellee

---

On Appeal from the County Court
Franklin County, Texas
Trial Court No. 1819

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Douglas Zink has appealed from a county court trial de novo appeal of a small claims court judgment. Ron Barker agreed, in exchange for $25,300.00, to move a house onto Zink's property and perform renovations necessary to be able to rent the house. Zink was dissatisfied with the quality of Barker's renovations and brought suit in small claims court. Barker argued, given the low price of the contract, that Zink got what he paid for. Zink responded that, regardless of whether he got what he paid for, he did not get what he contracted for. Zink prevailed in small claims court and obtained a judgment for $10,000.00. Barker appealed, and a trial de novo occurred in county court. A jury concluded that Barker did not perform his obligations under the contract but, despite evidence of damages, the jury also concluded that Zink suffered no damages. The county court issued an "order" reciting the jury's verdict and stating, "IT IS SO ORDERED."[1] Zink has appealed the county court's judgment.[2]

During our review of the record and the briefing in this case, we discovered a potential defect in this Court's jurisdiction. We notified Zink that we might lack jurisdiction over this appeal and requested a response from Zink, which we have received and reviewed.

The record indicates this case was filed in small claims court on October 14, 2008. At that time, courts of appeals lacked jurisdiction over claims originating in small claims courts. *See Sultan v. Mathew*, 178 S.W.3d 747, 752 (Tex. 2005); *Ibezim v. Strunc*, No. 03-09-00571-CV,

---

[1]Although in unusual form, this judgment appears to be intended as a final judgment disposing of all parties and all issues.

[2]Zink's sole issue on appeal is that the evidence is factually insufficient. We express no opinion on the sufficiency of the evidence.

2010 Tex. App. LEXIS 1259 (Tex. App.—Austin Feb. 19, 2010, no pet.) (mem. op.); *Schull v. Seahorse Pools & Spas*, No. 02-09-00431-CV, 2010 Tex. App. LEXIS 509 (Tex. App.—Fort Worth Jan. 21, 2010, no pet.) (mem. op.). Zink's first argument—that under the former Section 28.053 of the Texas Government Code,[3] this Court had jurisdiction over appeals in matters originating in small claims court—is without merit.

We note that in 2009, the Texas Legislature amended the former Section 28.053 to grant us jurisdiction over claims originating in small claims court between September 1, 2009, and May 1, 2013.[4] This case, though, was filed October 14, 2008—eleven months prior to the effective date of the 2009 legislative changes. Because this case was filed prior to the effective date of the legislative changes, the 2009 amendments do not apply to this case.

Zink alternatively argues that the case actually originated in justice court rather than small claims court. Zink directs our attention to the fact that the Franklin County Justice of the Peace presided over the case. Former Section 28.002 of the Texas Government Code specifically provided, "Each justice of the peace sits as judge of the small claims court . . . ." *See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1720, 1815 (repealed

---

[3]*See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1720, 1816, *amended by* Act of June 1, 2009, 81st Leg., R.S., ch. 1351, §§ 9, 14, 15, 2009 Tex. Gen. Laws 4273, 4274, 4282, *repealed by* Act of June 27, 2011, 82d Leg., 1st C.S., ch. 3, § 5.06, 2011 Tex. Sess. Law Serv. 116, 135 (West).

[4]*See* Act of June 1, 2009, 81st Leg., R.S., ch. 1351, §§ 9, 14, 15, 2009 Tex. Gen. Laws 4273, 4274, 4282, *repealed by* Act of June 27, 2011, 82d Leg., 1st C.S., ch. 3, § 5.06, 2011 Tex. Sess. Law Serv. 116, 135 (West). Effective May 1, 2013, the Texas Legislature eliminated the distinction between small claims courts and justice courts by abolishing small claims courts and specifying that cases defined as small claims will be handled by justice courts. *See* Act of June 27, 2011, 82d Leg., 1st C.S., ch. 3, §§ 5.02, 5.06, 2011 Tex. Sess. Law Serv. 116, 134–35 (West) (current version at TEX. GOV'T CODE ANN. § 27.060 (West Supp. 2012)).

2011). Thus, the fact that the justice of the peace presided over the case does not indicate that the case was actually filed in justice court rather than small claims court.

Zink also directs our attention to the facts that the original petition was file stamped in the Justice of the Peace Court and the motion for new trial was captioned, "Justice Court of Franklin County, TX." Zink argues that because the record contains captions from both small claims court and justice court, we should conclude this case was actually filed in justice court. This Court has already resolved this issue. In *Lister v. Walters*, we determined that a case was filed in small claims court when (1) the caption of the petition was small claims court, (2) the petition substantially complied with the form for actions in small claims courts, and (3) the record contained no order transferring the case to justice court. *Lister v. Walters*, 247 S.W.3d 381, 383 (Tex. App.—Texarkana 2008, no pet.). The facts of this case are similar to those of *Lister*. The caption of the petition provides, "IN THE SMALL CLAIMS COURT of *Franklin* County, TX." The form of the petition substantially complies with the sample form for small claims court petitions contained in former Section 28.012 of the Texas Government Code. *See* Acts of May 25, 1987, 70th Leg., R.S., ch. 745, § 4, 1987 Tex. Gen. Laws 2672, 2672 (amended 1989), *repealed by* Act of June 27, 2011, 82d Leg., 1st C.S., ch. 3, § 5.06, 2011 Tex. Sess. Law Serv. 116, 135 (West). Additionally, the record contains no order transferring this case to justice court. In this case, the judgment entered by the Justice of the Peace is captioned, "In the Small Claims Court of Franklin County, Texas" and is impressed with the official seal of the Small Claims Court. We reject Zink's argument that this case was filed in justice court rather than small claims court.

4

This Court lacks jurisdiction over a case filed in small claims court in 2008. Consequently, we dismiss this appeal for want of jurisdiction.

Jack Carter
Justice

Date Submitted:     August 22, 2013
Date Submitted:     August 23, 2013